Carrie George, as Administratrix with Limited Letters of the Estate of John George, Deceased, Respondent, v. City of New York, Appellant, et al., Defendants.

First Department, November 5, 1964.

*Joel L. Cohen* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for appellant.

*Paul S. Gareen* of counsel (*Arthur Klein,* attorney), for respondent.

*Per Curiam.* Plaintiff is the administratrix of John George, deceased. On May 20, 1958, deceased was admitted to Francis Delafield Hospital. He was suffering from nausea, fits of vomiting and generalized weakness. In the course of a barium enema,

observed by the attending physicians by means of fluoroscopy, the barium perforated the wall of the bowel, discharging a large quantity of barium and the bowel content into the peritoneal cavity. An operation to evacuate this matter from the cavity and repair the bowel wall was performed immediately but did not save the patient, who died the following day The foregoing summarizes all the significant evidence in the case.

Obviously there was no proof of negligence either in the administration of the enema or in the following operation. In fact, no liability is sought to be predicated on the latter. Nor is there any proof of malpractice in the sense that a barium enema was contraindicated by good medical practice. Plaintiff claims to have established a prima facie case by means of the rule of *res ipsa loquitur*. We do not believe that the rule has any application to these facts.

Ordinarily, the happening of an accident is no proof that it was caused by the defendant's negligence (*Shkoditch* v. *150 William St. Corp.*, 17 A D 2d 168; *Kaplan* v. *City of New York*, 10 A D 2d 319). It is only where two elements combine that a contrary determination is permissible. Those elements are where the defendant has exclusive control of the agency which caused the accident and where common experience shows that an accident of the character in question would not have happened unless there was negligence in the operation or control of that agency (*Foltis, Inc.* v. *City of New York*, 287 N. Y. 108, 117; *Neuhoff* v. *Retlaw Realty Corp.*, 289 N. Y. 293). As regards the human body, its capacities and tolerances, it is a rare case where common knowledge is sufficient to show that an accident would not have happened without negligence. Clearly, this is not one of those rare cases.

The judgment should be unanimously reversed on the law and the facts, and complaint dismissed, with costs to appellant.

Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ., concur.

Judgment unanimously reversed on the law and on the facts, with $50 costs to appellant, and the complaint dismissed.