■ REGINA LEIMAN et al., Respondents, v LONG ISLAND JEWISH HILL-SIDE MEDICAL CENTER-SOUTH SHORE DIVISION, Appellant, et al., Defendant.— In an action to recover damages for medical malpractice, etc., the defendant hospital appeals from a judgment of the Supreme Court, Queens County, entered May 19, 1977, which is in favor of the plaintiffs and against it, upon a jury verdict. Judgment reversed, on the law, and new trial granted as between plaintiffs and the defendant hospital, with costs to abide the event. No contentions have been raised with respect to the findings of fact. In October, 1973 plaintiff Regina Leiman was admitted to the defendant hospital for an operation. After checking in, she was told to report to the laboratory. According to Mrs. Leiman's testimony, the technician made a number of attempts to draw blood from her right arm. On his final attempt, Mrs. Leiman felt extreme pain which caused her to feel "very dizzy". Immediately after the procedure her arm swelled and her fingers became "ice-cold". Mrs. Leiman testified that the pain and weakness in her right elbow and arm had continued to the time of the trial. The plaintiffs' case included the testimony of a Dr. Meister, who testified that neurological tests disclosed that Mrs. Leiman had no power in her wrist and fingers, a condition which Dr. Meister attributed to a median nerve injury. It was his opinion that the injury occurred when the technician ruptured the blood vessel during the process of taking blood. Such a procedure would represent a departure from the accepted standards of medical procedure. The appellant's case included the testimony of a Dr. Green, who testified that an examination of Mrs. Leiman disclosed that she could not move the muscles of her shoulder because of severe pain in her elbow. However, he did not find that condition to be consistent with median nerve damage. Dr. Green stated that it sometimes happens within good medical practice that a needle goes beyond the internal aspect of the vein from one side to the other. At the conclusion of the trial, the Judge instructed the jury that it could entirely reject the expert testimony and substitute therefor their own experience in life. Appellant objected to that portion of the charge and requested that the jury be informed that its verdict must be in favor of appellant if it rejected the testimony of Dr. Meister. The trial court refused to comply with that request. We hold that the trial court's refusal to so charge the jury constituted reversible error. We have previously stated that in a case where blood is drawn from a patient, the jury may only determine the issue of negligence through the testimony of the expert witnesses (see *Pipers v Rosenow,* 39 AD2d 240). Here, the trial court left the impression with the jury that it could totally reject the testimony of plaintiffs' expert witness and nevertheless find that appellant had committed an act of malpractice. Accordingly, a new trial must be granted. Hopkins, J. P., Shapiro, Hawkins and O'Connor, JJ., concur.