■ LINDA J. SCHOCH, Appellant, v JAMES DOUGHERTY et al., Respondents.—Weiss, J. P. Appeals (1) from two judgments of the Supreme Court in favor of defendants, entered June 10, 1985 and June 18, 1985 in Albany County, upon a verdict rendered at Trial Term (Hughes, J.), and (2) from two orders of said court, entered June 10, 1985 and November 4, 1985 in Albany County, which denied plaintiff's motions to set aside the verdict.

Plaintiff commenced the instant action in June 1981 seeking damages for personal injuries allegedly due to the medical malpractice of defendants, Dr. James Dougherty and Albany Medical Center Hospital (the hospital). On February 6, 1979, Dougherty and two resident surgeons associated with the hospital performed surgery on plaintiff's left knee to remove a probable popliteal cyst. During the procedure, the common popliteal nerve, which is the principal connection to the muscle in the lower leg and foot, was retracted and the popliteal space explored. No cyst was discovered, but an abnormal tumor mass (lipoma) was identified and removed. Following surgery, it is acknowledged that plaintiff sustained a complete peroneal nerve palsy, resulting in a drop foot condition. When plaintiff's condition persisted, surgery was performed a second time on January 15, 1980 by Dougherty and Dr. Fremont C. Peck, Jr., a neurosurgeon, to explore the condition. During this procedure, they discovered that the common peroneal nerve had been divided and that a neuroma had formed at the end of the nerve where the division occurred. The neuroma was removed and the nerve endings repaired. After trial, a jury returned a verdict of no cause of action in favor of both defendants. Plaintiff's motions pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and in the interest of justice were denied. Plaintiff has appealed.

Plaintiff maintains that the trial court abused its discretion in finding that the verdict was in accord with the weight of the evidence. We disagree. A verdict may be successfully challenged as against the weight of the evidence only where the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence (*Rowe v Board of Educ.*, 120 AD2d 850; *see, Nicastro v Park*, 113 AD2d 129, 132-134).

A review of the record shows a sharp conflict in testimony. Plaintiff's expert, Dr. Arthur Taub, a neurologist, testified that plaintiff was permanently disabled and that her pain was causally related to the nerve injury sustained during the initial surgery. Taub concluded that the injury was caused by an "abnormal force, either traction or section or shearing" and that the operation was not performed in accordance with the standard of care required of a qualified surgeon. Dougherty, in his examination before trial, acknowledged that the common popliteal nerve was severely traumatized when retracted during the initial surgery, but explained that the retraction was necessary and performed as lightly as possible under the circumstances, and that it was in accord with accepted medical procedure. Dougherty elaborated that plaintiff's obesity created visualization problems, that the nerve was abnormally taut and that the resulting traumatization of the nerve was unavoidable. Upon completion of the procedure, Dougherty stated that he had observed that the nerve was intact, indicating that while the nerve may have been traumatized, it was not actually cut or divided during surgery. He further explained that, due to this traumatization, the nerve underwent degeneration and eventually divided.

Thus, while Dougherty acknowledged that plaintiff sustained an injury during surgery, he clearly disputed that the injury was the consequence of improper medical practice. Although the result of plaintiff's surgery is truly unfortunate, a bad result does not, ipso facto, support a claim for medical malpractice. In our view, the jury had ample basis to conclude that plaintiff's injury was not attributable to any deviation from accepted community standards of medical practice on the part of either defendant (*see, Toth v Community Hosp.*, 22 NY2d 255, 262). Although the jury registered dissatisfaction with the law applied to the case, and indicated a desire to compensate plaintiff, that does not warrant judicial interference with the verdict.

Plaintiff also maintains that the trial court committed several errors in its charge to the jury. We disagree. The

doctrine of res ipsa loquitur permits a jury to infer negligence, without direct proof, from the mere occurrence of an event where, among other factors, the injury is one that would not occur in the absence of negligence *(see, Fogal v Genesee Hosp., 41 AD2d 468, 474-475).* In a medical malpractice case, the doctrine may apply where "an inference exonerating the physician is improbable as a matter of fact" *(Pipers v Rosenow, 39 AD2d 240, 245).* Such an inference is permissible where common knowledge indicates that an injury was occasioned by negligence *(Fogal v Genesee Hosp., supra,* p 475). Our review of the record confirms that this is not a case in which such an inference could have been made. Unlike the *Fogal* decision relied upon by plaintiff, the injury here did not occur in an area remote from the operative site, but occurred during an intricate part of the surgical procedure when the nerve was retracted to allow access to the popliteal area. Whether the resulting injury constituted a deviation from accepted medical practice is surely not a matter within the competence of laymen to evaluate, but necessitated expert testimony to establish a prima facie case *(see, Koehler v Schwartz,* 67 AD2d 963, *affd* 48 NY2d 807; *Pipers v Rosenow, supra; George v City of New York,* 22 AD2d 70, 71, *affd* 17 NY2d 561). Moreover, Dougherty's testimony indicated that plaintiff's obesity and/or the tautness of the nerve may have precipitated the injury rather than any error on the part of defendants. It follows that a res ipsa loquitur charge was not warranted.

Nor do we find any error in the trial court's refusal to charge that Dougherty was an interested witness. Plaintiff did not request this charge until after the main charge was given *(see,* CPLR 4110-b) and, in any event, there is no indication that the jury could not properly evaluate the testimony of both plaintiff and Dougherty.

Plaintiff's further objection to the form of the written interrogatories submitted to the jury is clearly unfounded. The first three questions asked whether each of the individual doctors involved in the first operation committed malpractice. Plaintiff contends that this format mistakenly gave the impression that she was required to prove which of the two residents was responsible for the nerve damage. Plaintiff further contends that since the interrogatories did not mention the hospital, she was deprived of any favorable inference attributable to the unanimous medical malpractice panel finding that the hospital was negligent. We disagree, since the trial court clearly instructed the jury that both residents were

employees of the hospital. In our view, the jury was not misled.

We have examined plaintiff's remaining contentions of error and find them unavailing.

Judgments and orders affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.