■ KELLY QUIGLEY, an Infant, by BEVERLY KANTROWITZ, Her Mother, et al., Respondents, v MUNIR JABBUR, Appellant, et al., Defendants.—Levine, J.

Plaintiffs commenced the instant medical malpractice action seeking damages for personal injuries allegedly caused by defendants' negligence. Thereafter, the parties commenced discovery and a demand was made upon plaintiffs for discovery and inspection of certain hospital records relative to the medical treatment received by the infant plaintiff subsequent to the alleged medical malpractice. Plaintiffs failed to comply with this demand and, on May 25, 1984, a conditional order was entered dismissing the complaint against defendant Munir Jabbur unless plaintiffs complied with the demand within 30 days. Plaintiffs then delivered the requested material to defendant Albany Medical Center Hospital, but inadvertently failed to transmit the same to Jabbur. Some eight months later, Jabbur brought on the instant CPLR 3126 motion for a final order of dismissal. Special Term denied the motion and ordered plaintiffs to deliver the requested materials to Jabbur within 10 days.

On appeal Jabbur contends that Special Term abused its discretion in relieving plaintiffs of their default since plaintiffs' papers in opposition to the motion for dismissal did not

include an affidavit of a physician attesting to the merits of plaintiffs' claim. For the following reasons we reverse.

It is not contested that plaintiffs' failure to furnish Jabbur with the discovery materials demanded was entirely attributable to law office failure. Accordingly, in seeking relief from the resulting default, plaintiffs were required to furnish an affidavit of merit demonstrating the meritoriousness of their claim (CPLR 2004, 5015 [a]). In a medical malpractice action, expert medical opinion is required to demonstrate merit as to matters not within the ordinary experience and knowledge of laypersons *(Fiore v Galang,* 64 NY2d 999, 1001; *Canter v Mulnick,* 60 NY2d 689, 691; *Dick v Samaritan Hosp.,* 115 AD2d 917; *Hatcher v City of New York,* 99 AD2d 481). The negligence alleged in the instant case, the failure to diagnose and render appropriate care and treatment for a blood clot which developed as a result of the alleged failure to properly apply and remove a cast on the infant plaintiff's leg, pertains to the level of care ordinarily expected of a physician in the community and does not encompass matters within the ordinary experience and knowledge of a lay person *(see, Fiore v Galang, supra; Canter v Mulnick,* 93 AD2d 751, 752, *affd* 60 NY2d 689, *supra).* Therefore, since plaintiffs failed to submit competent medical evidence, either from a treating physician or by an expert whose opinion was based on the available medical records, regarding the merits of the medical malpractice action, Special Term abused its discretion in denying the application for a final order of dismissal.

Plaintiffs' assertion that expert medical opinion was not necessary to establish the merits of the instant case because plaintiffs are relying upon the doctrine of res ipsa loquitur to prove Jabbur's negligence is unavailing. The doctrine of res ipsa loquitur permits a jury possessed of the ordinary experience and knowledge of laymen to draw an inference of negligence, itself a function of the conduct of reasonable men, from the circumstantial evidence of a case when the injuries alleged by a plaintiff would not have occurred in the absence of negligence *(Pipers v Rosenow,* 39 AD2d 240, 242-243; 41 NY Jur, Negligence, § 87, at 105-107). However, in the area of medical malpractice, the jury is generally not equipped to determine the issue of negligence, in which there involves the level of care required of physicians in the community, without the aid of expert medical opinion. Specifically, "[t]he information obtained from an expert witness supplies the jury with the means by which it can evaluate the conduct of the party charged with malpractice" *(Piper v Rosenow, supra,* p 243; *see*

*also, Koehler v Schwartz,* 67 AD2d 963, *affd* 48 NY2d 807; *Leiman v Long Is. Jewish Hillside Med. Center,* 60 AD2d 908). Accordingly, since, as we have previously noted, the negligence alleged here encompasses matters not within the ordinary knowledge and experience of lay persons, plaintiffs could not proceed under the doctrine of res ipsa loquitur without first submitting expert medical opinion regarding the level of medical care required.

Order reversed, on the law, without costs, motion granted and complaint dismissed against defendant Munir Jabbur. Main, J. P., Casey, Levine and Harvey, JJ., concur.