■ SHERYL L. ROUCEK, an Infant, by FRED ROUCEK, Her Parent, Respondent, et al., Plaintiff, v CHARLES HEWSON, Appellant, et al., Defendants.—Mikoll, J. Appeal (1) from a judgment of the Supreme Court (Smyk, J.), entered March 23, 1987 in Broome County, upon a verdict rendered in favor of plaintiff Sheryl L. Roucek, and (2) from an order of said court,

entered May 6, 1987 in Broome County, which denied defendant Charles Hewson's motion to set aside the verdict.

The primary issue raised here is whether the evidence presented by plaintiff Sheryl L. Roucek (hereinafter plaintiff) was sufficient to support the verdict against defendant Charles Hewson (hereinafter defendant). To set aside the jury verdict, as defendant seeks, we must find that there is no permissible inference or valid line of reasoning which could lead rational people to the conclusion reached by the jury (Schoch v Dougherty, 122 AD2d 467, 468, lv denied 69 NY2d 605).

Viewing the evidence most favorably to the plaintiff, as we must, we find that it supports the jury award. Trial evidence disclosed the following. Plaintiff, then a 10-year-old infant, was treated by defendant on August 19, 1981 for complaints of abdominal pain, diarrhea, vomiting and pain on urination which had persisted for two days. Plaintiff's mother testified that she and plaintiff were referred to defendant, a pediatrician, by a health clinic where they first sought treatment. Plaintiff's mother testified that defendant's probing elicited pain from plaintiff. Defendant diagnosed plaintiff's condition as gastroenteritis and sent her home. Neither laboratory work nor a follow-up visit was ordered. The mother was instructed to watch plaintiff for a change in condition and to keep her on a liquid diet, gradually returning to a full diet. Plaintiff was listless and her abdominal pain diminished until August 30, 1981, when she suffered severe pains, was hospitalized and underwent surgery. Her appendix was found to have ruptured. The resultant infection and pus emanating from the organ caused the formation of two large abscesses and damage to the right fallopian tube. Plaintiff's appendix and the fallopian tube, which the surgeon found to be necrotic, were removed. Plaintiff was hospitalized until September 10, 1981 and missed two weeks of school. Now fully recovered, plaintiff's permanent damage consists of a 6-inch by 1-inch scar on her abdomen and loss of the fallopian tube.

Experts for the litigants were at odds on the question of whether defendant's treatment departed from accepted and standard pediatric practice. Trial testimony offered by the parties also varied on the question of pain symptoms elicited during defendant's examination of plaintiff. The jury found for plaintiff and granted a verdict of $15,000 for pain and suffering and $60,000 for permanent injuries. The jury thus resolved in plaintiff's favor the sharp conflict on standard of care between the testimony of the respective experts. The jury was called on to assess, as well, the various witnesses' recollec-

tions on important factual issues, including plaintiff's symptomology when defendant examined her.

Where a jury resolves a sharp conflict in expert testimony upon a fair interpretation of the evidence, an appellate court should decline to overturn the verdict (see, Cohen v Bugatch, 121 AD2d 426). We find that plaintiff submitted sufficient evidence to the effect that defendant breached the medical standard of care in failing to order blood and urinalysis testing. The evidence presented by plaintiff was also sufficient for the jury to conclude that, based on plaintiff's two days of illness, further tests were in order. On the issue of causation, the jury could infer that plaintiff had appendicitis on August 21, 1981 and that if proper tests and a follow-up examination had been performed, the resultant injuries could have been minimized or prevented. The jury's finding of causation finds support in the record.

We find no merit to the other contentions of error raised by defendant. The charge to the jury was adequate. Any error on admissibility of evidence that may have occurred is not sufficient to require a reversal. On the issue of excessiveness of the verdict, we find that it is not so excessive as to shock the court's conscience (see, Merrill v Albany Med. Center Hosp., 126 AD2d 66, 68, appeal dismissed 71 NY2d 990).

Judgment and order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.