■ RICHARD P. McGINN et al., Appellants, v VINCENT A. SELLITTI et al., Respondents.—Weiss, J. Appeals (1) from an order of the Supreme Court (Doran, J.), entered May 31, 1988 in Albany County, upon a dismissal of the complaint against defendant John J. Gable at the close of plaintiff's case, (2) from the judgment entered thereon, and (3) from an order and judgment of said court, entered May 31, 1988 in Albany County, upon a verdict rendered in favor of defendant Vincent A. Sellitti.

Plaintiff Richard P. McGinn (hereinafter plaintiff) commenced this action seeking damages for the purportedly unauthorized surgical extraction of his four lower front teeth.[1] The trial record shows that plaintiff had been defendant John J. Gable's dental patient since 1980. In late 1984, Gable advised plaintiff that all 10 of his upper teeth, as well as several lower teeth, had to be removed due to a serious periodontal problem. Gable referred plaintiff to defendant Vincent A. Sellitti, an oral surgeon, for a consultation which occurred on January 11, 1985. During the examination, Sellitti took two panorex X rays, one of which he sent to Gable. On February 5, 1985, Sellitti conferred with Gable by telephone as to plaintiff's condition. According to Sellitti, it was mutually agreed that 18 teeth had to be removed, including the four lower front teeth in question. Gable, however, testified that no agreement was reached concerning the four lower front teeth. Gable further testified that he thereafter reached a definite agreement with plaintiff to remove only 14 teeth, temporarily preserving the four lower front teeth. Gable or his hygienist ostensibly telephoned this information to Sellitti's office, but did not provide a written confirmation. Sellitti, however, subsequently received a predetermination of benefits form, dated March 7,

---

1. A derivative claim was included on behalf of plaintiff's wife. We further note that the separate actions commenced against each defendant were consolidated prior to trial, and that a claim against Child's Hospital was withdrawn by consent.

1985, from plaintiff's insurer, which identified each of the 18 teeth ultimately removed. On May 2, 1985, plaintiff signed a consent to removal form in Sellitti's office, which also listed 18 teeth for removal. Sellitti testified that this was the standard consent form utilized in the community at that time. Sellitti surgically removed the 18 teeth on May 6, 1985.

At the close of plaintiff's case, Supreme Court directed a verdict in favor of Gable. After completion of the trial, the jury returned a verdict in Sellitti's favor on claims of both dental malpractice and lack of informed consent.[2] These appeals ensued.

Initially, plaintiff argues that Supreme Court erred in dismissing the case against Gable for lack of expert proof as to the qualitative sufficiency of Gable's communication efforts. In a dental malpractice action, expert proof is required to establish matters beyond the experience of the average juror (see, Salzman v Alan S. Rosell, D.D.S., P. C., 129 AD2d 833, 835; see also, Quigley v Jabbur, 124 AD2d 398, 399). The essence of plaintiff's claim against Gable is that he failed to properly communicate with Sellitti which teeth to remove. Plaintiff reasons that the question of adequate communication sounds in simple negligence, not malpractice, obviating the need for expert opinion. We hold otherwise. The negligence alleged speaks directly to the course of plaintiff's treatment and thus falls squarely within the malpractice realm (see, Bleiler v Bodnar, 65 NY2d 65, 72; Quigley v Jabbur, supra, at 399; Zellar v Tompkins Community Hosp., 124 AD2d 287, 288-289). Absent competent medical evidence, the jury was not qualified to assess whether Gable's communication efforts comported with the standard acceptable for dentists in the community during this time frame (see, Riley v Wieman, 137 AD2d 309). Accordingly, Supreme Court properly dismissed the claim against Gable (see, Salzman v Alan S. Rosell, D.D.S., P. C., supra, at 835; Hylick v Halweil, 112 AD2d 400).

We further find no basis to disturb the verdict in Sellitti's favor. There is no question that the surgery was performed without incident. The only claim is that Sellitti improperly removed the four lower front teeth. While we recognize that Sellitti, as an oral surgeon, must be held to a higher standard of practice (see, Riley v Wieman, supra, at 314-315), no expert testimony was presented as to any deviation. Moreover, the

2. We note that causes of action for battery, breach of contract and res ipsa loquitur were previously dismissed and are not at issue on these appeals.

jury could readily accept Sellitti's testimony and deduce from the predetermination of benefits form and consent form that plaintiff consented to the removal of all 18 teeth. Plaintiff's testimony that he signed the consent form without comprehending its ramifications simply presented a credibility matter for the jury to weigh. In our view, the verdict represents a fair interpretation of the trial evidence (see, Schoch v Doughtery, 122 AD2d 467, 468, lv denied 69 NY2d 605).

Plaintiff's request that we set aside the verdict in the interest of justice (see, CPLR 4404 [a]) is entirely unpersuasive. Plaintiff's thesis is that by dismissing the case against Gable, Supreme Court prevented him from establishing a claim against Sellitti pursuant to the doctrine of res ipsa loquitor. We fail to see how the Gable dismissal precluded any claim against Sellitti. Moreover, plaintiff never requested a res ipsa loquitor charge and thus has no complaint here (CPLR 4110-b; see, Rosetti v Campanella, 118 AD2d 552, 553). In any event, such a charge was not warranted under the circumstances (see, Quigley v Jabbur, 124 AD2d 398, 399-400, supra; Schoch v Doughtery, supra, at 468-469).

Orders and judgments affirmed, without costs. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.