■ KATHLEEN J. COAKLEY et al., Respondents, v DONALD GABEL, Appellant, et al., Defendants.—

On appeal, defendant contends that Special Term abused its discretion in relieving plaintiffs of their default because plaintiffs failed to supply a reasonable excuse for their default and failed to submit an affidavit of merit. We agree. Although Special Term has discretion to relieve a party of a default because of "law office failure" (CPLR 2005), a party seeking to be relieved of a default is required to tender a reasonable excuse for the delay and an affidavit demonstrating the meritorious nature of the claim *(see,* CPLR 2005, 5015 [a]; *Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Quigley v Jabbur,* 124 AD2d 398, 399). In a medical malpractice action, expert medical opinion is required to demonstrate the merit of matters not within the ordinary experience and knowledge of laypersons *(Fiore v Galang,* 64 NY2d 999, 1000; *Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695; *Quigley v Jabbur, supra).* Here, plaintiffs failed to offer a reasonable excuse for the delay or to submit competent medical opinion regarding the merits of the medical malpractice action. Accordingly, Special Term abused its discretion in denying defendant's motion. (Appeal from order of Supreme Court, Monroe County, Curran, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.