■ JOSEPH CERESA, Appellant, v CONSTANTINE KARAKOUSIS et al., Respondents. [620 NYS2d 646] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Supreme Court erred in refusing to charge the doctrine of res ipsa loquitur. That doctrine applies when " ' "(1) the event [is] of a kind which ordinarily does not occur in the absence of someone's negligence; (2) [the injury is] caused by an agency or instrumentality within the exclusive control of the defendant; and (3) [the injury is not] due to any voluntary action or contribution on the part of the plaintiff" ' " *(Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226; *see,* PJI 2:65 [1993 Supp]). It is particularly applicable in medical malpractice cases in which an injury to an anesthetized patient occurs during surgery in an area remote from the operative site *(Hill v Highland Hosp.,* 142 AD2d 955; *Mack v Hall Hosp.,* 121 AD2d 431; *Fogal v Genesee Hosp.,* 41 AD2d 468).

Plaintiff sustained a highly unusual compression injury to his left shoulder and arm during a nine-hour operation to remove a tumor from his lower spine. Plaintiff's medical expert testified that defendants had positioned plaintiff improperly during the surgery and that, if he had been properly positioned, the swelling and complications would not have

occurred. The jury could have reasonably inferred from that testimony that plaintiff's injury occurred because of the negligent manner in which defendants had positioned plaintiff during the lengthy surgical procedure, and that such injury would not ordinarily have occurred in the absence of defendants' negligence. "The doctrine of res ipsa loquitur permits a jury to infer negligence, based upon circumstantial evidence, from the mere occurrence of an event where the injury is of a character which would not ordinarily occur in the absence of negligence" (Abbott v New Rochelle Hosp. Med. Ctr., 141 AD2d 589, 590; lv denied 72 NY2d 808).

The rebuttal evidence of defendants did not conclusively establish the improbability of injury caused by their negligence (see, Fogal v Genesee Hosp., supra, at 476). In Pipers v Rosenow (39 AD2d 240), relied on by defendants, plaintiff did not present expert testimony. Further, the Court there indicated that the requirements for a res ipsa loquitur charge could have been satisfied had plaintiff presented expert evidence that the injury would not have occurred without negligence. Such evidence was presented here, and the jury should have been instructed on res ipsa loquitur as an alternative theory of liability (see, Fogal v Genesee Hosp., supra, at 477).

In view of our determination, we do not reach plaintiff's other contention. (Appeal from Judgment of Supreme Court, Erie County, Wolf, Jr., J.—Medical Malpractice.) Present— Green, J. P., Pine, Balio, Callahan and Boehm, JJ.