■ JANET KAMBAT, Individually and as Executrix of FLORENCE J. FENZEL and Another, Deceased, et al., Appellants, v ST. FRANCIS HOSPITAL et al., Respondents, et al., Defendant. (Appeal No. 1.) [641 NYS2d 943] —Judgment affirmed without costs. Memorandum: On August 15, 1986, defendant Ralph C. Sperrazza, M.D., performed an abdominal hysterectomy upon Florence Fenzel (decedent) at defendant St. Francis Hospital (hospital) in the City of Buffalo. Decedent later complained of stomach pain and, on November 30, 1986, X-rays taken at another hospital revealed a foreign object in her abdominal cavity. The object, later determined to be a laparotomy pad measuring 18 inches square, was found inside decedent's bowel and removed by defendant Robert Barone, M.D. Finding the pad inside the bowel was so unexpected that a photographer was summoned to the operating room to document the discovery. The pad was similar to those used during the hysterectomy several months earlier. Decedent died on December 27, 1986 from illnesses related to infections caused by the pad.

Plaintiffs, decedent's husband and children, commenced this action in July 1987, alleging that defendants Sperrazza and agents of the hospital were negligent by leaving the pad inside

decedent during the hysterectomy. Plaintiffs also asserted a cause of action against defendants Sperrazza and Barone for intentional infliction of emotional distress, based, *inter alia*, upon defendants' statements that decedent had swallowed the pad in a suicide attempt. In their answers, defendants denied that the pad was left inside decedent during the hysterectomy.

At the close of plaintiffs' proof at trial, Supreme Court granted the motions of defendants Sperrazza and Barone to dismiss the cause of action against them for intentional infliction of emotional distress. The motions of defendants Sperrazza and the hospital to dismiss the negligence cause of action against them were denied. The jury thereafter returned a verdict in favor of defendants.

Plaintiffs contend that the court erred in denying their request to charge the doctrine of res ipsa loquitur. We disagree. When that doctrine is invoked, "an inference of negligence may be drawn solely from the happening of the accident upon the theory that 'certain occurrences contain within themselves a sufficient basis for an inference of negligence'" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226, quoting *Foltis, Inc. v City of New York*, 287 NY 108, 116). The doctrine does not apply, however, unless the plaintiff can establish the following elements: " ' "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" ' " (*Dermatossian v New York City Tr. Auth.*, *supra*, at 226, quoting *Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430, *mot to amend remittitur granted* 21 NY2d 793).

The evidence in this case establishes none of the elements of res ipsa loquitur. First, in order to find that the event is one that does not ordinarily occur in the absence of someone's negligence, one must assume that it is possible for a pad left in the abdominal cavity to migrate to the location where it was found. Plaintiffs' experts disagreed among themselves with respect to where the pad was found in relation to the bowel and how it could have migrated there from the abdominal cavity. Resolution of that issue required evaluation of expert testimony; it is not "within the competence of laymen to evaluate" (*Schoch v Dougherty*, 122 AD2d 467, 469, *lv denied* 69 NY2d 605; *see, Pipers v Rosenow*, 39 AD2d 240, 243). Second, plaintiffs failed to establish that defendants were in exclusive control of the pad that was found in decedent's bowel. There was proof

that similar pads were left unattended on cleaning carts in two hospitals where decedent had been treated in 1986. Third, plaintiffs failed to establish that decedent's illnesses could not have been caused by voluntary action of decedent. There was expert proof to support a finding that decedent, who suffered from depression, had swallowed the pad. Thus, the court was not required to charge res ipsa loquitur. We conclude that plaintiff's remaining contentions regarding the court's charge are without merit.

The court properly dismissed the cause of action for intentional infliction of emotional distress against defendant Sperrazza. There was no proof that any plaintiff suffered emotional distress, nor was it established that defendant Sperrazza's conduct was sufficiently "outrageous" to support that cause of action (*see, Howell v New York Post Co.*, 81 NY2d 115, 121; *Smukler v 12 Lofts Realty*, 156 AD2d 161, 163, *lv denied* 76 NY2d 701).

Finally, contrary to plaintiffs' contention, the jury's verdict is not against the weight of the evidence. Plaintiffs' three medical experts disagreed with each other regarding the location in which defendant Barone found the pad, and defendants impeached the credibility of two of those experts. The expert witness of defendants Sperrazza and the hospital testified that the pad was found entirely inside the bowel and that it had never been in the abdominal cavity, thereby countering plaintiffs' theory that the pad had "migrated" or "eroded" into the bowel from the abdominal cavity. Mindful that "a jury's verdict should not be set aside as against the weight of the evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion" (*Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608), we conclude that the verdict in this case should not be disturbed.

All concur except Green, J. P., and Boehm, J., who dissent in part and vote to reverse in the following Memorandum.

Green, J. P., and Boehm, J. (dissenting in part). We respectfully dissent in part. We agree that the third cause of action, alleging intentional infliction of emotional distress, was properly dismissed. The evidence presented by plaintiffs, however, warranted the submission of the remaining causes of action on the theory of res ipsa loquitur. That doctrine applies when the following elements are established: " '(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the

defendant[s]; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' (Prosser, Torts § 39, at 218 [3d ed]; *see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226)" (*Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623).

Those requirements were met in this case. It is undisputed that an 18 inch by 18 inch abdominal laparotomy (lap) pad was inside or intertwined in decedent's bowel three months after the surgery performed by defendant Sperrazza at defendant hospital. Plaintiffs presented proof that the pad was of the same type used in the operation and that lap pads are not available to hospital patients. Plaintiffs also presented expert testimony that it would have been impossible for decedent to swallow the pad or for the pad to make its way through the digestive system to the bowel. The jury could have reasonably inferred from that evidence that the injury to decedent occurred because of the negligence of defendants in leaving the lap pad in her abdominal cavity and that the injury would not have occurred in the absence of defendants' negligence (*see, Ceresa v Karakousis,* 210 AD2d 884).

Although defendants presented evidence of their exercise of proper care during the surgery and of another possible cause of the injury, "it does not negative the evidence that this was an unusual and extraordinary occurrence on which the jury could infer negligence under the doctrine of *res ipsa loquitur*" (*Fogal v Genesee Hosp.,* 41 AD2d 468, 476). Indeed, once the elements of the doctrine are established by plaintiffs' proof, "[u]nless defendants' rebuttal evidence conclusively establishes that it is improbable that the injury was sustained through negligence of defendants, the plaintiff is entitled to go to the jury" (*Fogal v Genesee Hosp., supra,* at 476). Defendants' evidence that decedent may have swallowed the lap pad was clearly insufficient to defeat plaintiffs' entitlement to a charge on res ipsa loquitur.

Nor does the introduction of evidence of specific acts of negligence preclude plaintiffs from relying upon res ipsa loquitur. "Evidence of specific acts of negligence does not deprive the plaintiff of the benefit of the doctrine unless the evidence adduced actually refutes or negates the inference that might otherwise have been drawn from its application, and absent such evidence the trial judge should charge res ipsa loquitur and, provided there be sufficient evidence on the specific claims of negligence to carry them to the jury, on those claims as well" (1 NY PJI 168 [1996 Supp]; *see, Abbott v Page Airways,* 23 NY2d 502, 511; *Kerber v Sarles,* 151 AD2d 1031).

We therefore would reverse the judgments in favor of defendants and grant plaintiffs a new trial on the first and second causes of action only. (Appeal from Judgment of Supreme Court, Erie County, Kane, J.—Medical Malpractice.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.