■ ARMAND LEONE, Appellant, v UNITED HEALTH SERVICES, INC., et al., Defendants, and UNITED MEDICAL ASSOCIATES, P. C., et al., Respondents. [723 NYS2d 260] —Rose, J. Appeals (1) from an order of the Supreme Court (Coutant, J.), entered June 29, 2000 in Broome County, which granted a motion by defendants United Medical Associates, P. C. and Steven Goldberg for summary judgment dismissing the complaint against them, and (2) from the judgment entered thereon.

Soon after a vasectomy performed at an outpatient facility by defendant physicians Steven Goldberg and Stanley L. Erney, plaintiff began to experience pain and swelling in his left hemiscrotum. Later that evening, he returned to the facility and Erney made a new incision, removed blood clots and installed a drain. Very early the next morning, after plaintiff experienced more pain and swelling, plaintiff again returned to the facility and Erney and defendant Peter Garg removed clotted blood, explored the area and repaired an "arterial bleeder." Thereafter, plaintiff continued to experience pain and was ultimately diagnosed as having sustained a traumatic injury to his left genitofemoral nerve.

When plaintiff commenced this medical malpractice action, Goldberg and his employer, defendant United Medical Associates, P. C. (hereinafter collectively referred to as defendants), answered and then moved for summary judgment dismissing the complaint. Plaintiff opposed the motion relying on the doctrine of res ipsa loquitur to relieve him of the burden of proving which defendant physician had been negligent and when. Finding res ipsa loquitur inapplicable because, *inter alia*, expert testimony was required to establish that plaintiff's injury would not have occurred in the absence of negligence, Supreme Court granted defendants' motion for summary judgment. Plaintiff now appeals, and we affirm.

The doctrine of res ipsa loquitur permits a jury to infer negligence under certain circumstances "where common knowledge indicates that an injury was occasioned by negligence" (*Schoch v Dougherty*, 122 AD2d 467, 469, *lv denied* 69 NY2d 605). Here, however, no foreign object was left inside plaintiff

(*see, Kambat v St. Francis Hosp.*, 89 NY2d 489, 496), the site of the injury was not remote from the site of the three surgical procedures (*see, Schoch v Dougherty, supra,* at 469), and plaintiff was not under general anesthesia (*Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827, 828). In addition to his opportunity to observe the position of each defendant during each procedure in relation to the location of his injury, plaintiff's fiancee was present each time and viewed the course of each procedure. Moreover, contrary to plaintiff's contention, expert evidence is necessary here to infer that the injury is one that would not occur in the absence of negligence on the part of a physician. The conflicting expert assessments of how and when the injury occurred are persuasive evidence that plaintiff's injury is not the type of " 'medical and surgical error[ ] on which any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care' " (*Kambat v St. Francis Hosp., supra,* at 496, quoting Prosser and Keeton, Torts § 40, at 256-257 [5th ed]).

Further, Supreme Court's grant of summary judgment was appropriate here because plaintiff failed to show that Goldberg was in control of the instrumentality causing the injury (*see, Kambat v St. Francis Hosp., supra,* at 494). Although res ipsa loquitur may be utilized even though more than one defendant may have been in control (*see, Kerber v Sarles,* 151 AD2d 1031), the responsible defendants must share exclusive control of the instrumentality causing injury. Here, there were three discrete procedures and Goldberg was involved in only the first. There is no evidence that he controlled, participated in, or was even aware of, the subsequent procedures performed by Erney. This is not a situation where several physicians participated in a single surgical procedure and, as a result, have the burden to "explain their actions and conduct in the operating room wherein plaintiff was injured" (*id.,* at 1032). Accordingly, there is ample basis for Supreme Court's refusal to find res ipsa loquitur applicable and its dismissal of plaintiff's cause of action against defendants.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.