■ JEAN BABITS, Appellant, v VASSAR BROTHERS HOSPITAL et al., Respondents. [732 NYS2d 46] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered December 17, 1999, which, upon granting the motion of the defendants Vassar Brothers Hospital and Gloria Byrnes pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, dismissed the complaint insofar as asserted against those defendants, and (2) a judgment of the same court, entered January 7, 2000, which, upon granting the motion of the defendants William C. Kwock, Gary R. Fink, and Orthopedic Associates of Dutchess County pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgments are reversed, on the law, the motions are denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff sustained a third-degree burn on the rear area of her right upper thigh while anesthetized and undergoing surgery on her right knee. The defendants could not conclusively state what caused the injury. At trial, the plaintiff's expert testifed regarding two possible causes of the injury, each of which constituted a departure from accepted medical practice. The defendants presented an alternative theory as to the cause of the burn which did not involve any negligence on their part.

The defendants separately moved to dismiss the complaint at the close of the plaintiff's case, arguing, *inter alia*, that the plaintiff failed to establish the necessary elements of the doctrine of res ipsa loquitur. The court granted the motions and dismissed the complaint. We reverse.

The Supreme Court erred in finding that the requisite elements of the doctrine of res ipsa loquitur were not established by the plaintiff. To rely on the doctrine, a plaintiff must submit sufficient proof that (1) the injury is of a kind that does not occur in the absence of someone's negligence, (2) the injury is caused by an agency or instrumentality within the exclusive control of the defendants, and (3) the injury is not due to any voluntary action on the part of the plaintiff (*see, Kambat v St. Francis Hosp.,* 89 NY2d 489). The doctrine is generally available to establish a prima facie case when, as here, an unexplained injury in an area which is remote from the operation occurs while the patient is anesthetized (*see, Fogal v Genesee Hosp.,* 41 AD2d 468, 475).

Infliction of a third-degree burn on the rear area of the plaintiff's right upper thigh during orthoscopic knee surgery is an event that the jury could reasonably infer would not occur in the absence of negligence (*see, Kambat v St. Francis Hosp., supra,* at 495, 497). Further, any potential cause of the burn identified in the plaintiff's proof was within the exclusive control of the defendants. Finally, it is undisputed that the plaintiff was unconscious at the moment of injury, and thus could not have contributed to its cause (*see, Cornacchia v Mount Vernon Hosp.,* 93 AD2d 851). Although the defendants presented an alternative theory as to the cause of the accident that did not involve any negligence on their part, trial testimony nevertheless established that the event was of a kind that ordinarily does not occur in the absence of negligence, and the plaintiff need not conclusively eliminate the possibility of all other causes of the injury (*see, Kambat v St. Francis Hosp., supra,* at 494). "[T]he evidentiary and procedural consequence of res ipsa is not that of a rebuttable presumption, but rather, that of a creation of a permissible inference or deduction of negligence from the facts and circumstances of the case * * * Its effect is to make out a prima facie case permitting submission to the jury, which may, but which is in no way bound to, infer negligence and conclude that the preponderance of proof is with the plaintiff" (*Weeden v Armor El. Co.,* 97 AD2d 197, 204).

Moreover, the plaintiff's evidence established a prima facie case sufficient to place the matter before the jury even without

relying on the doctrine of res ipsa loquitur. Testimony by the plaintiff's expert giving two possible causes for the injury, both of which he described as a departure from accepted medical practice, was sufficient for a reasonable person to conclude that it is more probable than not that the injury was caused by the defendants (*see, Minelli v Good Samaritan Hosp.,* 213 AD2d 705, 706).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.