(August 22, 2002)

■ KATHLEEN STATES et al., Respondents, v LOURDES HOSPITAL, a Daughter of CHARITY HOSPITAL, et al., Defendants, and RIVERSIDE ASSOCIATES IN ANESTHESIA, P.C., et al., Appellants. [746 NYS2d 215] —Mugglin, J.

Plaintiff Kathleen States (hereinafter plaintiff) was operated on for the removal of an ovarian cyst. The operation was successful and uneventful except for her complaint of pain when the IV tube was inserted in the back of her right hand prior to the surgery. Postsurgery, she awoke complaining of extreme pain in her right hand, arm, shoulder and side. Her four medical experts assert that she suffered an injury which they have diagnosed as a right thoracic outlet syndrome (a brachial plexus traction injury) and a reflex sympathetic dystrophy which they opine occurred *during the course of her surgery.* As a result, plaintiff, and her husband, derivatively, brought this medical malpractice action against, among others, defendant Kenneth Mintz, the anesthesiologist, and defendant Riverside Associates in Anesthesia, P.C. (hereinafter collectively referred to as defendants). Defendants moved for summary judgment, noting that plaintiffs concede that there is no evidence of any unusual event in the operating room, much less a negligent act on Mintz's part, and they argue that the doctrine of res ipsa loqutur is unavailable to plaintiffs. Supreme Court agreed with plaintiffs that the doctrine is available to them and denied defendants' motion for summary judgment. Defendants appeal. "Submission of a case on the theory of res ipsa loquitur is war-

ranted only when the plaintiff can establish three elements: '(1) the event must be a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff' " (*Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623, quoting Prosser and Keeton, Torts § 39, at 218 [3d ed]). The doctrine is clearly available to a plaintiff where a foreign body has been left at the site of the operation (*see, Kambat v St. Francis Hosp.*, 89 NY2d 489, 496). "Widespread consensus exists, however, that a narrow category of factually simple medical malpractice cases requires no expert to enable the jury reasonably to conclude that the accident would not happen without negligence" (*id.* at 496). As the case, sub judice, does not fall into this category, we are presented with the question specifically unresolved by *Kambat*, namely, "whether res ipsa loquitur is applicable in medical malpractice cases in which the jury is incapable of determining whether the first res ipsa loquitur condition has been met without the aid of expert testimony" (*id.* at 497).

Plaintiffs rely on cases from other Departments which hold that the doctrine of res ipsa loquitur is particularly appropriate for the use of a plaintiff who, while anesthetized, suffers an injury to some portion of the body remote from the site of the operation. Analysis of each of these cases, however, reveals that they fall within the category where any layperson would be competent to pass judgment without need of an expert opinion (*see, Babits v Vassar Bros. Hosp.*, 287 AD2d 670 [infliction of a third degree burn on the rear area of the plaintiff's right upper thigh during orthoscopic knee surgery]; *Ceresa v Karakousis*, 210 AD2d 884 [compression injury to left shoulder and arm due to positioning during nine hour operation]; *Hill v Highland Hosp.*, 142 AD2d 955 [second and third degree burns suffered during surgery to remove blockage in an artery]; *Mack v Lydia E. Hall Hosp.*, 121 AD2d 431 [grounding pad used with electrocoagulator placed directly against the plaintiff's thigh causing a one-half inch deep third degree burn]; *Fogal v Genesee Hosp.*, 41 AD2d 468 [frostbite and subsequent amputation of part of both feet due to malfunction of cooling blanket during operation]).

Moreover, binding precedent* in this Department mandates a reversal of Supreme Court's scholarly decision. Defendants'

---

* Unlike the dissent, we do not interpret the dictum in *Quigley v Jabbur* (124 AD2d 398, 400) as indicating this Court's "willingness to adopt the modern trend." In that case, the central holding was that Supreme Court abused

expert, after reviewing the hospital and other related records, opines that Mintz did not depart from accepted medical standards and, moreover, based on the expert's examination of plaintiff, he found no evidence of reflex sympathetic dystrophy, thoracic outlet syndrome or brachial plexus injury. As we have previously recognized, "[t]he conflicting expert assessments of how and when the injury occurred are persuasive evidence that plaintiff's injury is not the type of ' "medical and surgical error on which any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care" ' " (*Leone v United Health Servs.*, 282 AD2d 860, 861, quoting *Kambat v St. Francis Hosp.*, 89 NY2d 489, 496, *supra*, quoting Prosser and Keeton, Torts § 40, at 256-257 [5th ed]; *see*, *Gushlaw v Roll*, 290 AD2d 667). Moreover, in *Schoch v Dougherty* (122 AD2d 467, *lv denied* 69 NY2d 605), this Court affirmed the trial court's refusal to charge res ipsa loquitur. The basis for our affirmance was that the question of whether the injury suffered by the plaintiff was the result of a deviation from accepted medical practice was an issue not within the competence of the jury to evaluate under the facts of that case.

The purpose behind the doctrine of res ipsa loquitur, if its three elements have been established, is to permit the jury to infer negligent conduct on the defendant's part (*see*, *Dolan v Jaeger*, 285 AD2d 844, 846). Such inference is permitted, typically, because "the jury can reasonably draw upon past experience common to the community for the conclusion that the adverse event generally would not occur absent negligent conduct" (*Kambat v St. Francis Hosp.*, *supra* at 495). Consistent with our precedent, we hold that opinion evidence that negligence in fact occurred is unavailable to raise an inference of negligence where the jury would be unable, based on its collective common knowledge, to determine that the event would ordinarily not occur absent someone's negligence.

Crew III, J.P. and Rose, J., concur.

Lahtinen, J. (dissenting). We respectfully dissent. The Court of Appeals has referred to permitting expert testimony on the first element of res ipsa loquitur in medical malpractice cases in order to establish what is common knowledge in that specialized field as the "modern trend" (*Kambat v St. Francis*

---

its discretion in refusing to dismiss a complaint for failure to comply with discovery demands where the plaintiff submitted no doctor's affidavit demonstrating that the medical malpractice claim had merit. We specifically held that the plaintiff's reliance on res ipsa loquitur as obviating the need for such an affidavit was unavailing.

*Hosp.*, 89 NY2d 489, 495 n). Moreover, in *Quigley v Jabbur* (124 AD2d 398), this Court has previously indicated its willingness to adopt the modern trend: "since * * * the negligence alleged here encompasses matters not within the ordinary knowledge and experience of lay persons, plaintiffs could not proceed under the doctrine of res ipsa loquitur *without first submitting expert medical opinion regarding the level of medical care required*" (*id.* at 400 [emphasis supplied]). The approach suggested in *Quigley*, which is consistent with the Restatement (Second) of Torts § 328 D, has been accepted in the Second Department (*see, Hawkins v Brooklyn-Caledonian Hosp.*, 239 AD2d 549, *lv dismissed* 91 NY2d 887) and the Fourth Department (*see, Santangelo v Crouse Med. Group*, 209 AD2d 942, *appeal dismissed* 85 NY2d 905), and reflects the opinion of the growing majority of jurisdictions that have addressed the issue (*see generally, Seavers v Methodist Med. Ctr.*, 9 SW3d 86, 93-94 [Tenn] [setting forth the numerous jurisdictions that have adopted such an approach]).

This Court's decisions in *Schoch v Dougherty* (122 AD2d 467, *lv denied* 69 NY2d 605) and *Leone v United Health Servs.* (282 AD2d 860) did not reject the standard articulated in *Quigley*. Moreover, *Schoch* and *Leone* are distinguishable from the current case because, inter alia, both cases involved purported malpractice at the surgical site rather than, as here, a situation where a patient awakens from general anesthesia to discover a physical malady remote from the surgical site (*see, Babits v Vassar Bros. Hosp.*, 287 AD2d 670, 671; *Fogal v Genesee Hosp.*, 41 AD2d 468, 475; *Matlick v Long Is. Jewish Hosp.*, 25 AD2d 538; Annotation, *Medical Malpractice: Res Ipsa Loquitur in Negligent Anesthesia Cases*, 49 ALR 4th 63, § 24). The discussion of the role of "common knowledge" in *Schoch* and *Leone* should not be interpreted as defining the entire field for the first element of res ipsa loquitur but, rather, as addressing the limited situations when, under res ipsa loquitur, a medical malpractice case can go to a jury with no supporting expert evidence (*see, Kambat v St. Francis Hosp., supra* at 496 [acknowledging a "narrow category of factually simple medical malpractice cases requir[ing] no expert"]). While "common knowledge" carves an exception to the necessity of expert testimony in some malpractice cases, it does not delineate the absolute boundaries of res ipsa loquitur (*see,* Restatement [Second] of Torts § 328 D, Comment *d*). In a case factually analogous to the one at bar, the Supreme Court of New Mexico, relying in part upon *Plumb v Richmond Light & R.R. Co.* (233 NY 285), explained: "[T]he central issue is not whether common knowledge alone is sufficient to establish an inference of

negligence. Rather, the issue is whether there is a factual predicate sufficient to support an inference that the injury was caused by the failure of the party in control to exercise due care. The requisite probability of negligence may exist independently of the common knowledge of the jurors" (*Mireles v Broderick*, 117 NM 445, 448, 872 P2d 863, 866).

Here, plaintiffs produced experts who opined that it is common knowledge within the medical field that the type of injury implicated does not occur in the absence of negligence. We agree with Supreme Court that such evidence satisfied the first element of the doctrine of res ipsa loquitur. Plaintiffs have submitted sufficient evidence of the remaining elements to invoke the doctrine. Since plaintiffs are entitled to rely upon the doctrine of res ipsa loquitur, they have established a prima facie case and, thus, Supreme Court's order denying the motion of defendants Riverside Associates in Anesthesia, P.C. and Kenneth Mintz for summary judgment should be affirmed (*see, Morris v Lenox Hill Hosp.*, 232 AD2d 184, *affd* 90 NY2d 953). Moreover, in our opinion, review of the affidavits submitted by plaintiffs' experts reveals sufficient factual issues to defeat the motion for summary judgment even without reliance upon the doctrine of res ipsa loquitur (*see, Babits v Vassar Bros. Hosp.*, 287 AD2d 670, *supra*; *Fogal v Genesee Hosp.*, 41 AD2d 468, *supra*).

Peters, J., concurs. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Riverside Associates in Anesthesia, P.C. and Kenneth Mintz, and complaint dismissed against them. [*See* 188 Misc 2d 420.]