17-325-cv
*Ongley v. St. Lukes Roosevelt Hosp. Ctr.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT: RALPH K. WINTER,
    DENNY CHIN,
        *Circuit Judges*,
    EDWARD R. KORMAN,
        *Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GEORGE ONGLEY,

    *Plaintiff-Appellant*,

    v.                                    17-325-cv

ST. LUKES ROOSEVELT HOSPITAL CENTER,

    *Defendant-Appellee*,

MOUNT SINAI HEALTH SYSTEM, INC., MOUNT SINAI
MEDICAL CENTER, MOUNT SINAI HOSPITALS GROUP,
INC., CONTINUUM HEALTH PARTNERS, INC.,
CONTINUUM HEALTH PARTNERS ACO, LLC,

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

CONTINUUM HEALTH'S MSO, LLC, ST.
LUKES/ROOSEVELT HOSPITAL PHYSICIAN
ORGANIZATION, INC.,

                                    *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        JASON T. PRUEHER (Jeremy C. Virgil, *on the brief*), Zeldes, Needle & Cooper, P.C., Bridgeport, Connecticut.

FOR DEFENDANT-APPELLEE:        DEIRDRE E. TRACEY (Elliott Zucker, *on the brief*), Aaronson Rappaport Feinstein & Deutsch, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant George Ongley appeals from the district court's January 19, 2017 judgment, entered pursuant to its January 17, 2017 order, granting summary judgment in favor of defendant-appellee St. Luke's-Roosevelt Hospital Center (the "Hospital") dismissing Ongley's medical malpractice suit. Ongley alleges that the Hospital's negligence during his abdominal surgery caused permanent partial impairment of his right arm and shoulder. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On March 27, 2012, Ongley, then 85 years old, underwent a six-and-one-half-hour abdominal aortic aneurysm repair surgery at the Hospital. The pre-

anesthesia record documenting Ongley's medical history does not reflect that Ongley sustained a massive rotator cuff injury to his right shoulder in 2008. During surgery, Ongley was placed in a supine position with both arms out. The hospital record does not reflect the specific angle at which Ongley's arms were positioned on the operating table or how Ongley was transferred from the operating table to a stretcher after surgery.

After surgery, Ongley complained of severe pain in his right arm, shoulder, and neck. According to the hospital record, the first time Ongley complained of post-operative pain in his right shoulder was two weeks after his discharge, during a post-operative follow-up appointment. Ongley continued to experience immobility and numbness in his right arm and shoulder, and Ongley's orthopedist and neurologist both documented evidence of right brachial plexopathy -- a functional disturbance or pathological change in the network of nerves that supplies nerves to the chest, shoulder and arm.

Ongley filed suit in May 2014, alleging that the Hospital and others negligently caused severe and painful injuries to his right arm and shoulder during his surgery.[1] Following discovery, on January 17, 2017, the district court granted summary

_____

[1]     The parties stipulated that the action would be discontinued without prejudice against the other defendants, Mount Sinai Medical Center, Inc.; Mount Sinai Health System, Inc.; Mount Sinai Hospitals Group, Inc.; Continuum Health Partners ACO, LLC; Continuum Health's MSO, LLC; Continuum Health Partners, Inc.; and St. Luke's -Roosevelt Hospital Physicians Organization, Inc.

judgment in favor of the Hospital on the grounds that Ongley failed to establish a *prima facie* case of medical malpractice and failed to adduce evidence allowing him to proceed under a *res ipsa loquitur* theory. Judgment was entered on January 19, 2017. Ongley appealed.

We review *de novo* the district court's summary judgment ruling, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [its] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A movant is entitled to summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)).

Under New York law, the "essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury." *DiMitri v. Monsouri*, 754 N.Y.S.2d 674, 675 (2d Dep't 2003). A medical malpractice defendant is *prima facie* entitled to summary judgment if it demonstrates that it "did not depart from good and accepted medical practice or that any departure did not proximately cause plaintiff's injuries." *Ducasse v. N.Y.C. Health & Hosps. Corp.*, 49 N.Y.S.3d 109, 111 (1st Dep't 2017). To survive summary judgment, a plaintiff "must submit evidentiary facts or materials" to "demonstrate the existence of a triable issue of fact." *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986). The plaintiff must present expert testimony, *Sitts v. United States*, 811 F.2d 736, 739 (2d

- 4 -

Cir. 1987), and the expert's opinion "must demonstrate 'the requisite nexus between the malpractice allegedly committed' and the harm suffered," *Anyie B. v. Bronx Lebanon Hosp.*, 5 N.Y.S.3d 92, 93 (1st Dep't 2015) (quoting *Dallas-Stephenson v. Waisman*, 833 N.Y.S.2d 89, 92 (1st Dep't 2007)).

Following a *de novo* review of the record, we agree with the district court that Ongley's causation theories were too speculative to survive summary judgment. Ongley's expert, Dr. Brian McAlary, offered alternative causation hypotheses for Ongley's brachial plexus injury that were distilled down to three core theories at his deposition: (1) improper positioning of Ongley's arm during surgery, given his prior rotator cuff injury, (2) improper transfer after surgery, and (3) hypoperfusion. Although McAlary opined with "reasonable medical certainty that one or more of these was the cause," App. 1495, he could not state to any reasonable degree of medical certainty which of the three possibilities caused the injury. Moreover, for two of the three possibilities -- improper transfer and hypoperfusion -- Ongley failed to adduce any evidence that the Hospital deviated from the standard of care.

The same is true with respect to the position of Ongley's arm during surgery. Dr. McAlary's assumption that the surgery was performed with the arm at or close to a 90-degree angle was based on the premise that this angle would be the norm for a patient with no prior rotator cuff injury. The alleged departure from accepted medical practice was the failure to adequately question Ongley about his medical

history, and this failure caused attending physicians to improperly position Ongley's arm at an improper angle, possibly causing his brachial plexus injury. Specifically, Dr. McAlary testified that Ongley should have been asked whether he had "any areas that are painful, restricted in motion or weakness," App. 1463, and that "there is no reason why [Ongley] wouldn't" have recalled his four-year old injury, App. 1464.

Dr. McAlary's expertise does not extend to how Ongley would have answered this question. Nor does the record contain a factual basis for that assumption. The record suggests the opposite. Though Ongley had pain at the time of his original injury, he testified that he had eventually regained the same use of his arm that he enjoyed before his injury, and that his range of motion had only been restricted "temporarily" because his shoulder hurt at that time. App. 1066. Indeed, Dr. McAlary assumed that, at the time of the surgery, his prior shoulder injury was no longer "a big deal to him." App. 1464. It is speculative, then, that Ongley would have reported his prior shoulder problem in response to the question Dr. McAlary suggested, and that the failure to pose the question was a proximate cause of Ongley's injury.

Although an expert may offer more than one possible cause for an injury, each of those causes must constitute a departure from medical practice to allow a reasonable person to "conclude that it is more probable than not that the injury was caused by the defendants." *Babits v. Vassar Bros. Hosp.*, 732 N.Y.S.2d 46, 48-49 (2d Dep't 2001). Ongley failed to make the required showing.

We therefore conclude that Ongley's appeal is without merit substantially for the reasons articulated by the district court.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk