◼ ELENI SALIARIS, Appellant, v GIOVANNI D'EMILIA, Respondent.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Goldstein, J.), entered April 30, 1986, which, upon a jury verdict and the denial of a motion to set the verdict aside, is in favor of the defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this malpractice action against the defendant alleging that the defendant had negligently performed a hemorrhoidectomy in December 1977, and that he had negligently provided postoperative care thereafter, as a result of which the plaintiff contracted peritonitis requiring her hospitalization in March 1978.

The rule is well settled that a physician is "liable for an injury to his patient resulting from want of the requisite knowledge and skill, or the omission to exercise reasonable care, or the failure to use his best judgment" *(Pike v Honsinger,* 155 NY 201, 209). However, the law does not require a physician to guarantee a good result *(De Falco v Long Is. Coll. Hosp.,* 90 Misc 2d 164); and, "[a]lthough the result * * * is

truly unfortunate, a bad result does not, ipso facto, support a claim for medical malpractice" *(Schoch v Dougherty,* 122 AD2d 467, 468, *lv denied* 69 NY2d 605; *see also, Henry v Bronx Lebanon Med. Center,* 53 AD2d 476, 480).

With these principles in mind, it is evident from the record that the plaintiff failed to establish that the defendant was negligent. The plaintiff's expert, Dr. Edinburgh, testified that although it was unusual for as many as four groups of hemorrhoids to be excised, the number of hemorrhoids to be removed was a judgment call of the surgeon, and the fact that four were removed was not necessarily malpractice. Further, there was nothing in the hospital records of the plaintiff's March 1978 admission which related her peritonitis to the surgery performed by the defendant. In addition, Dr. Edinburgh's testimony that the defendant's February 27, 1978 digital treatment of the plaintiff was the cause of the peritonitis was based upon mere conjecture. The witness speculated that a tearing in the anal-rectal area could have occurred through which an infection could have been introduced. While tearing is possible during a digital examination, it does not always occur, and, in this particular case, he could not say whether there was tearing involved. In short, the plaintiff's case was based solely upon the fallacy that the existence of an injury is per se proof of negligence.

As the plaintiff was not entitled to prevail in any event upon the evidence introduced at trial, the alleged errors in the court's charge would not constitute a proper basis for reversal.

We have reviewed the plaintiff's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.