■ NORMA J. KERBER, Appellant, v HAROLD SARLES, Respondent, et al., Defendant. (And a Third-Party Action.)—Order unanimously reversed on the law with costs, defendant's motion denied and complaint reinstated. Memorandum: In this action for medical malpractice, Special Term erred in granting summary judgment to defendant Sarles, the podiatrist who performed the surgery on plaintiff's foot. The surgery, which was to correct "hammertoes", was performed under general anesthesia administered by a board-certified anesthesiologist. When plaintiff awakened in the recovery room, she discovered her front teeth were missing. Plaintiff sued the podiatrist and the hospital where the surgery was performed. For reasons not apparent in the record, plaintiff brought no direct action against the anesthesiologist; however, the podiatrist brought a third-party action against the anesthesiologist.

Special Term concluded that the doctrine of res ipsa loquitur was not applicable because the affidavit of plaintiff's expert in opposition to the podiatrist's motion for summary judgment tended to indicate that the injury to plaintiff's teeth was caused by excess force administered by the anesthesiologist, who was not under the exclusive control of either the hospital or the podiatrist. We disagree.

"The doctrine [of] res ipsa loquitur represents an application of the ordinary rules pertaining to circumstantial evidence in negligence cases stemming from accidents having particular characteristics. When the doctrine is invoked, an inference of negligence may be drawn solely from the happening of the accident upon the theory that 'certain occurrences contain within themselves a sufficient basis for an inference of negligence' " (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226). The mere fact that plaintiff submitted an expert's affidavit indicating that in his opinion the injury to plaintiff's teeth was caused by excess force administered by the anesthesiologist during the surgery does not conclusively establish that was, in fact, the cause of the injury. Plaintiff may show specific acts of negligence against defendants and also rely upon res ipsa loquitur to establish a prima facie case (see, Fogal v Genesee Hosp., 41 AD2d 468, 474).

The res ipsa loquitur doctrine is applicable to the facts herein because: (1) a patient's teeth are not ordinarily knocked out during foot surgery in the absence of someone's

negligence; (2) the injury must have been caused by an agency or instrumentality in the operating room which was within the exclusive control of the defendants; (3) plaintiff was under general anesthesia and could not have contributed to the injury; and (4) evidence of the cause of the injury is more readily available to defendants than to plaintiff *(see, Fogal v Genesee Hosp., supra,* at 474-475; *see also, Hill v Highland Hosp.,* 142 AD2d 955).

We also disagree with Special Term's conclusion that the hospital and podiatrist lacked exclusive control of the agency or instrumentality which caused the injury. There are sufficient facts shown to allow the invocation of the res ipsa doctrine *(see, Mikel v Flatbush Gen. Hosp.,* 49 AD2d 581). Moreover, it is not necessary for the applicability of the doctrine that there be only a single person in control. Where, as here, one or all defendants may have been in control, it is for them to explain their actions and conduct in the operating room wherein plaintiff was injured *(Schroeder v City & County Sav. Bank,* 293 NY 370). (Appeal from order of Supreme Court, Erie County, Gossel, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.