■ LINDA SAVAGE, as Administratrix of the Estate of ERNEST PAPPALARDO, Deceased, Respondent, v LONG ISLAND JEWISH MEDICAL CENTER et al., Defendants, and JOHN CHANG, Appellant.—In an action, *inter alia,* to recover damages for wrongful death based on medical malpractice, the defendant John Chang appeals from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated September 6, 1989, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

Contrary to the defendant Chang's contentions, the medical evidence in the record, consisting of surgical reports, deposition testimony of some of the defendants, and a report on the autopsy of the decedent, adequately demonstrates that there are issues of credibility and triable issues of fact regarding the manner in which several of the injuries suffered by the decedent occurred, thus warranting the denial of summary judgment *(see generally, Sacher v Long Is. Jewish-Hillside Med. Center,* 142 AD2d 567). Moreover, based on the record before us, we conclude that the plaintiff has satisfied the requisite criteria to proceed on a theory of *res ipsa loquitur* in addition to her other theories of recovery *(see generally, Ebanks v New York City Tr. Auth.,* 70 NY2d 621; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Kerber v Sarles,* 151 AD2d 1031; *Fogal v Genesee Hosp.,* 41 AD2d 468). Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.