■ HELEN BARTHA, Respondent, v LOMBARDO AND ASSOCIATES, P. C., et al., Appellants. [622 NYS2d 527] —In an action to recover damages for medical malpractice, the defendants appeal from a judgment of the Supreme Court, Kings County (Monteleone, J.), entered November 18, 1992, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal amount of $300,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff commenced this action against the defendant ophthalmologist and his practice group, charging them with negligence in his post-operative care. After a five-week trial, the jury returned a special verdict finding that the defendants did not depart from good and accepted medical practice by (1) failing to timely reoperate on the plaintiff's left eye, or (2) failing to remove a tissue remnant from that eye, but that the defendants did depart from good and accepted medical practice by "failing to obtain a consultation from another ophthalmologist, proximately causing or contributing to [the plaintiff's] harm or injuries". The jury awarded the plaintiff $300,000 in damages, including $200,000 for future pain and suffering.

We agree with the defendants' contention that the evidence was legally insufficient to support the jury's verdict finding that the defendants were negligent in failing to consult with another ophthalmologist and that the lack of consultation proximately caused the plaintiff's injuries. Apart from conclusory opinion testimony by her medical expert, the plaintiff presented no proof to support this theory of liability. Indeed, the record is devoid of any evidence that a consultation would have resulted in a different treatment plan for the plaintiff or that the failure to consult was a proximate cause of her injury

*(see, Saliaris v D'Emilia,* 143 AD2d 996; *Goldstein v Hauptman,* 131 AD2d 724).

In light of our determination, we need not pass upon the defendants' contention that the damages awarded by the jury are excessive. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.