(June 30, 1997)

■ BAYSIDE CARTING, INC., Appellant, v CHIC CLEANERS et al., Respondents. [660 NYS2d 23] —In an action to recover damages, *inter alia,* for breach of contract and tortious interference with contractual relations, the plaintiff appeals (1) from a decision of the Supreme Court, Nassau County (Adams, J.), dated February 29, 1996, and (2) as limited by its brief, from so much of an order of the same court, entered May 10, 1996, as granted that branch of the defendants' motion which was to dismiss the fifth through eighth causes of action of the complaint for failure to state a cause of action.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is modified, by deleting the provision thereof which granted the branch of the defendants' motion which was to dismiss the fifth cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

Accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see, Leon v Martinez,* 84 NY2d 83), we find that the fifth cause of action adequately pleaded a cause of action to recover damages for tortious interference with contractual relations. The elements of tortious interference with contractual relations are (1) the existence of a contract between the plaintiff and a third party, (2) the defendant's knowledge of the contract, (3) the defendant's intentional inducement of the third party to breach or otherwise render performance impossible, and (4) damages to the plaintiff (*see, Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94; *M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488, 490).

The documentary evidence submitted by the parties establishes that the plaintiff had waste-removal contracts with the defendants Chic Cleaners, Cow Harbor Pharmacy, Hair Sensations, and Happy Wok (hereinafter the Tenants). The defendant Four T Associates (hereinafter Four T) owned the shopping center where the Tenants had their businesses. The record further establishes that Four T and the defendant Jet Sanitation Service Corp. (hereinafter Jet), a waste-removal business, were aware of those contracts when Four T and Jet entered into an agreement which resulted in the Tenants terminating their agreements with the plaintiff. In that agreement Jet agreed to "indemnify and hold harmless" Four T and the Tenants "from legal action(s) that may arise, initiated by hauling companies" which were "being displaced by the commencement of this agreement". Jet further agreed to "provide legal counsel" at its own expense to Four T and the "tenants against such actions".

Giving the allegations in the complaint as well as the documentary evidence and affidavits submitted by the parties a liberal construction (*see,* CPLR 3026), we find that the plaintiff adequately pleaded a cause of action to recover damages for tortious interference with contractual relations (*see, Leon v Martinez,* 84 NY2d 83, 87-88; *John R. Loftus, Inc. v White,* 150 AD2d 857, 860).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.