■ MARY YASIN, Also Known as MAROOFA YASIN, Appellant, v MANHATTAN EYE, EAR & THROAT HOSPITAL et al., Respondents, et al., Defendant. [678 NYS2d 112] —In a medical malpractice action to recover damages for physical injuries, the plaintiff appeals (1) from a decision of the Supreme Court, Kings County (Patterson, J.), dated January 22, 1997, (2), as limited by her brief, from so much of an order of the same court, dated February 28, 1997, as granted the separate motions of the defendants Livius T. Sangeap and Philip N. Sawyer for summary judgment dismissing the complaint insofar as asserted against them, (3) from a judgment of the same court dated May 19, 1997, which dismissed the complaint insofar as asserted against the defendants Livius T. Sangeap and Philip N. Sawyer, (4), as limited by her brief, from so much of an order of the same court (Levine, J.), dated September 11, 1997, as granted the motion of the defendant Bernard Abramovici to change the venue of this action from Kings County to New York County, and granted the motion of the defendants Manhattan Eye, Ear & Throat Hospital and Mauricio Milhoua to disqualify the plaintiff's counsel, and (5), as limited by her brief, from so much of an order of the same court (Levine, J.), dated December 22, 1997, as, upon reargument, adhered to the determination made in the order dated September 11, 1997.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Bayside Carting v Chic Cleaners,* 240 AD2d 687); and it is further,

Ordered that the appeal from the order dated February 28, 1997, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the appeal from the order dated September 11, 1997, is dismissed, as that order was superseded by the order dated December 22, 1997, made upon reargument; and it is further,

Ordered that the order dated December 22, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order dated February 28, 1997, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dated May 19, 1997 (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Contrary to the plaintiff's contentions, the Supreme Court properly awarded summary judgment to the defendants Livius T. Sangeap and Philip N. Sawyer. The gist of the plaintiff's complaint is that the defendants were negligent in failing to diagnose and treat her heart condition. The plaintiff was brought by ambulance to the defendant Flushing Hospital Medical Center, complaining, inter alia, of persisting weakness, vomiting, and lower abdominal pain. After being called in for a urological consult by a surgical resident and an attending surgeon, Dr. Sangeap, a urologist, admitted the plaintiff for a possible urological condition. He conducted tests which ultimately ruled out any urological problems and he was not involved in the treatments otherwise rendered to the plaintiff by other physicians. The mere fact that he was the admitting physician did not cause Dr. Sangeap to assume a general duty of care with regard to the treatment provided to the plaintiff by other physicians. The record demonstrates that Dr. Sangeap provided appropriate urological care and, under the circumstances, he may not be charged with a duty to discover the plaintiff's cardiac condition (see, Chulla v DiStefano, 242 AD2d 657; Koeppel v Park, 228 AD2d 288; Gamiel v University Hosp., 216 AD2d 80; Markley v Albany Med. Ctr. Hosp., 163 AD2d 639).

The court also properly awarded summary judgment dismissing the complaint insofar as asserted against Dr. Sawyer. The record clearly demonstrates that Dr. Sawyer, a surgeon, properly diagnosed the plaintiff's subacute bacterial endocarditis condition after his initial examination during the single time he provided treatment to the plaintiff, and he referred her to a specialist. The plaintiff evidently heeded this advice and two days after seeing Dr. Sawyer she was admitted to a nonparty hospital and began receiving treatment for her subacute bacterial endocarditis condition. Thus, the record demonstrates that Dr. Sawyer made an appropriate diagnosis and recommendation for follow-up care by a specialist. This determination may be appropriately made based upon the evidence in

the record even without reference to the inadmissible opinion of Dr. Sawyer's undisclosed expert proffered in support of his motion (*cf., Marano v Mercy Hosp.,* 241 AD2d 48). While the plaintiff's expert faults Dr. Sawyer, *inter alia,* for failing to immediately hospitalize the plaintiff or to order further blood tests, this expert failed to explain how these alleged failures constituted malpractice proximately related to the plaintiff's claims. She began receiving appropriate treatment only two days later, after having been properly diagnosed by Dr. Sawyer (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Koeppel v Park, supra*).

Having properly dismissed the complaint insofar as asserted against Dr. Sawyer, the only party with any relevant connection with Kings County, the court thereafter providently exercised its discretion in granting the motion of the defendant Dr. Bernard Abramovici for a change of venue from Kings County to New York County (*see, Tamburro v International Bus. Machs. Corp.,* 234 AD2d 535; *Halina Yin Fong Chow v Long Is. R. R.,* 202 AD2d 154; *Gramazio v Borda, Wallace & Witty,* 181 AD2d 428).

Under the circumstances at bar, we find that the court properly granted the motion of the defendants Manhattan Eye, Ear & Throat Hospital and Dr. Mauricio Milhoua to disqualify the plaintiff's attorneys (*see, Cardinale v Golinello,* 43 NY2d 288; *Kheel v Continental Baking Co.,* 219 AD2d 846; *Matter of Walden Fed. Sav. & Loan Assn. v Village of Walden,* 212 AD2d 718; *Lasky v Talandis,* 209 AD2d 841).

The plaintiff's remaining contentions are without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.