■ CARMELINA HERNANDEZ, Appellant, v GLORIA PAOLI, Respondent, et al., Defendants. [679 NYS2d 389] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about June 20, 1997, which granted defendant's motion to disqualify plaintiff's attorney and order, same court and Justice, entered October 22, 1997, which granted plaintiff's motion for reargument and renewal and thereupon adhered to its prior determination, unanimously affirmed, without costs.

The court properly granted disqualification of plaintiff's attorney in this action. During the course of the instant litigation, plaintiff's counsel, a solo practitioner, hired an associate who was leaving employment with defendant's attorneys, a law firm comprised of approximately 25 lawyers. The two law firms were also opposing counsel in other pending cases at the time the subject attorney joined plaintiff's counsel's firm. Although it does not appear that the subject attorney worked on the case at bar while with the law firm representing defendant, the law firm's informal setting, which included discussions among the attorneys and the fully accessible file room warrants disqualification here (*compare, Cardinale v Golinello*, 43 NY2d 288, *with Kassis v Teacher's Ins. & Annuity Assn.*, 243 AD2d 191, *lv granted* 253 AD2d 1004). We note that in two of the aforementioned pending cases, *Yasin v Manhattan Eye, Ear & Throat Hosp.* (254 AD2d 281) and *Farley v New York City Tr. Auth.* (253 AD2d 843), the Appellate Division, Second Department, affirmed the disqualification of plaintiff's counsel herein. Concur—Lerner, P. J., Sullivan, Nardelli and Rubin, JJ.