■ JAMES CASTILLO et al., Appellants, v DARIUSH ZARGAROFF et al., Respondents, et al., Defendants. [750 NYS2d 631] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Glover, J.), dated April 11, 2001, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant Dariush Zargaroff on the issue of liability, and (2) a judgment of the same court, dated October 23, 2001, which upon the granting of the posttrial application of the defendants Catholic Medical Center of Brooklyn and Queens, Inc., St. John's Queens Hospital and Astrid Mendoza, for judgment as a matter of law, is in favor of those defendants and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the order and the judgment are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Shortly after leaving the defendant Catholic Medical Center of Brooklyn and Queens, Inc., St. John's Queens Hospital (hereinafter St. John's), against medical advice, Blanca Rojas gave birth to the infant plaintiff, James Castillo, at the defendant Jamaica Hospital. The infant plaintiff was delivered by caesarean section. He suffered brain damage as the result of fetal distress.

The evidence supports the conclusion that Ms. Rojas' departure from St. John's was contrary to the recommendation of the defendant Dr. Astrid Mendoza, who had "strongly advised" her to stay at St. John's. Dr. Mendoza testified that Ms. Rojas immediately should have been placed on an internal fetal monitor and given oxygen.

The evidence further supports the conclusion that the staff at Jamaica Hospital departed from good medical practice by permitting Ms. Rojas to wait before receiving the attention she needed, particularly in light of her condition, as revealed in a note given to her at St. John's. The evidence similarly establishes that the defendant Dr. Dariush Zargaroff, who ordered the emergency caesarean section, was notified of Ms. Rojas' condition only after an inordinate delay.

At the close of trial, the Supreme Court granted the application of Dr. Mendoza and St. John's for judgment as a matter of law (see CPLR 4404 [a]). The jury subsequently returned a verdict finding Jamaica Hospital 100% at fault for the injuries sustained by the infant plaintiff.

The Supreme Court properly granted judgment as a matter of law to St. John's and Dr. Mendoza. The evidence was insuf-

ficient for the jury to conclude that these defendants contributed to the infant plaintiff's injuries, either by inadequately communicating the severity of Ms. Rojas' condition to Jamaica Hospital or otherwise (*see Bartha v Lombardo & Assoc.*, 212 AD2d 494).

The jury's verdict absolving the defendant Dr. Zargaroff of liability was not against the weight of the evidence (*see generally Nicastro v Park,* 113 AD2d 129). The evidence was sufficient to permit an inference that Dr. Zargaroff acted reasonably under the circumstances, and that he was not notified of the urgency of Ms. Rojas' condition until after it was reasonably possible to arrange for the necessary surgery in time to avoid the injuries suffered by the infant plaintiff. Prudenti, P.J., Altman, Friedmann and Rivera, JJ., concur.