■ ADOLPH ANDERSON et al., Appellants, v HENRY R. LAM-AUTE et al., Respondents. [761 NYS2d 87] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Patterson, J.), dated January 17, 2002, which granted the separate motions of the defendants Henry Robert Lamaute and Wesner Moise for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Henry Robert Lamaute and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs payable to the defendant Wesner Moise by the defendant Henry Robert Lamaute, and the complaint is reinstated insofar as asserted against the defendant Henry Robert Lamaute.

The plaintiff Adolph Anderson went to the defendant Wesner Moise, an internist, with a complaint of swelling in his lower extremities. After ruling out deep vein thrombosis, Dr. Moise ordered, inter alia, a pelvic CT scan that indicated the presence of a retroperitoneal mass. Dr. Moise admitted Anderson to the hospital for a CT-guided needle biopsy to determine the nature of the mass. The pathologist reported that the needle biopsy showed atypical cells, but was inconclusive, and recommended an open biopsy. Dr. Moise referred Anderson to the defendant Henry Robert Lamaute, a surgeon, who performed an exploratory laparotomy and excision of the mass to obtain a definitive diagnosis. The resultant diagnosis was a retroperitoneal lipoma, a benign condition. After the surgery, Anderson had a recurrence of the swelling in his left leg. Dr. Moise, who suspected a venous insufficiency, prescribed an elastic stocking and recommended that Anderson consult with a vascular surgeon.

Anderson sought a second opinion from nonparty physician Mark Horowitz, who referred Anderson to nonparty physician B. Paul White. The diagnostic tests authorized by Dr. Horowitz

and Dr. White revealed a mass in the retroperitoneum and gluteal region. Approximately eight months after the laparotomy performed by Dr. Lamaute resulted in the noncancerous diagnosis, a second CT-guided needle biopsy revealed a malignant lymphoma. Anderson underwent a successful regimen of chemotherapy and radiation therapy which shrank the tumor, and subsequent diagnostic testing revealed negative findings for any spread of the cancer.

"In a medical malpractice action, a plaintiff, in opposition to a defendant physician's summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). General allegations of medical malpractice, merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim, are insufficient to defeat a defendant physician's entitlement to summary judgment (*see Alvarez v Prospect Hosp., supra* at 325). The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage (*see Prete v Rafla-Demetrious,* 224 AD2d 674, 675 [1996]).

The expert affidavit submitted by Dr. Moise in support of his motion for summary judgment established a prima facie case that his treatment of Anderson was not negligent. Dr. Moise did not assume a general duty of care with regard to the care and treatment provided Anderson by Dr. Lamaute and the pathologist in diagnosing the nature of the mass (*see Yasin v Manhattan Eye, Ear & Throat Hosp.,* 254 AD2d 281, 282 [1998]; *Donnelly v Finkel,* 226 AD2d 671, 672 [1996]). In his affirmation in opposition to Dr. Moise's motion, the plaintiffs' expert failed to show how the care and treatment rendered by Dr. Moise either before or after the surgery performed by Dr. Lamaute proximately caused Anderson's alleged injuries (*see Yasin v Manhattan Eye, Ear & Throat Hosp., supra* at 283; *Bartha v Lombardo & Assoc.,* 212 AD2d 494 [1995]).

As to the defendant Dr. Lamaute, the expert affidavit submitted by him in support of his separate motion for summary judgment established a prima facie case that his treatment of Anderson was not negligent. Nevertheless, his motion was improperly granted as the affirmation of the plaintiffs' undisclosed expert was sufficient to raise the existence of triable factual issues (*cf. Alvarez v Prospect Hosp., supra* at 327; *Filec-*

*cia v Massapequa Gen. Hosp.,* 63 NY2d 639 [1984], *affg* 99 AD2d 796 [1984]). The undisclosed expert recited specific facts in the medical record upon which the expert's opinion was based (*cf. Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359 [1998]) and opined that Dr. Lamaute's deviations from good and accepted medical practice proximately caused Anderson's injuries by delaying the diagnosis of lymphoma.

Accordingly, the Supreme Court improperly granted summary judgment to Dr. Lamaute. Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.