■ Susan Brady et al., Appellants, v Bisogno & Meyerson et al., Respondents. [819 NYS2d 558]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated March 23, 2005, which granted the defendants' motion for summary judgment dismissing the complaint, and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

"On a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession, that the defendant's negligence was a proximate cause of the loss sustained, that the plaintiff incurred actual damages as a result of the defendant's actions or inaction, and that but for the defendant's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained any damages" (*Pistilli v Gandin,* 10 AD3d 353, 354 [2004]; *see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner,* 96 NY2d 300, 303-304 [2001]; *see also Hartman v Morganstern,* 28 AD3d 423 [2006]). An attorney has the responsibility to investigate and prepare every phase of his or her client's case (*see Parksville Mobile Modular v Fabricant,* 73 AD2d 595, 598 [1979]).

In the instant case, the affidavit of the defendants' expert established, prima facie, that the defendants followed the accepted and customary practices of the legal profession in determining which party controlled or maintained the parking lot where the injured plaintiff fell (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The affidavit of the plaintiffs' expert failed to rebut this, and stated only in conclusory fashion that the defendants should have been able to determine that the subject property was controlled by a third party. Conclusory expert opinions are insufficient to raise a triable issue of fact (*see Schrader v Sunnyside Corp.,* 297 AD2d 369, 371 [2002]). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability. Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.