Jorge Navarette, Respondent, v Michael Alexiades et al., Defendants, and Hospital for Special Surgery, Appellant.
[856 NYS2d 205]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the defendant Hospital for Special Surgery appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered April 27, 2006, as denied that branch of its motion, made jointly with the defendants Barry Waldman and Gary S. Shapiro, which was to preclude expert testimony regarding the alleged lack of informed consent for the use of laryngoscopic intubation prior to the surgery performed on the plaintiff's decedent.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to preclude expert testimony regarding the alleged lack of informed consent for the use of laryngoscopic intubation prior to the surgery performed on the plaintiff's decedent is granted.

The expert witness disclosure required by CPLR 3101 (d) with respect to the cause of action to recover damages for lack of informed consent was submitted on February 27, 2006, more than eight years after the surgical procedure at issue was performed, more than six years after this action was commenced, and more than two years after the plaintiff served his bill of particulars on the appellant. The expert witness disclosure contained new theories of liability regarding informed consent which were not readily discernable from the allegations set forth in the bill of particulars. Thus, the Supreme Court erred in permitting expert testimony regarding these new theories of liability with respect to the cause of action to recover damages for lack of informed consent (see Durant v Shuren, 33 AD3d 843, 844 [2006]; Lissak v Cerabona, 10 AD3d 308, 309-310 [2004]).

To the extent that the appellant raises an issue with respect to that branch of its motion which was to preclude expert testimony regarding the cause of the decedent's death, we note that this branch of the appellant's motion remains pending and

undecided in the Supreme Court (*see Beyel v Console,* 25 AD3d 636, 637 [2006]; *Katz v Katz,* 68 AD2d 536, 542-543 [1979]).

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.