■ MITCHELL DUNN, Appellant, v AIJAZ KHAN et al., Respondents, et al., Defendant. [880 NYS2d 653]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 28, 2007, as granted the separate motions of the defendant Aijaz Khan and the defendants Cesar Dumayas Florita and South Nassau Communities Hospital for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On the morning or August 19, 2003 the decedent Pauline Dunn was brought to the defendant South Nassau Communities Hospital (hereinafter South Nassau) after having ingested 50 Xanax pills. She was treated for her medical condition by the defendant Aijaz Khan, M.D., and, over several days, by the defendant Cesar Florita, M.D., for her psychiatric condition. On August 23, 2003 Dr. Kahn discharged the decedent pursuant to

Dr. Florita's recommendation. Dr. Florita prescribed several medications to address the decedent's anxiety, and made arrangements with the plaintiff, the decedent's husband, for the decedent to get outpatient treatment.

Two days later, the plaintiff found the decedent dead in their bathtub, having drowned. Although the drugs Fiorcet and Tylenol were found in her system, the parties' experts offered conflicting conclusions as to whether she ingested the drugs in amounts sufficient to have contributed to her death.

The plaintiff thereafter brought this action against the defendants, alleging medical malpractice. Dr. Khan moved, and Dr. Florita and South Nassau separately moved, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated September 28, 2007, the Supreme Court, inter alia, granted the motions, finding that Dr. Khan, Dr. Florita, and South Nassau each established, prima facie, that they were entitled to judgment as a matter of law. The court also found that the expert opinions offered by the plaintiff were conclusory, and therefore insufficient to raise a triable issue of fact in opposition. The plaintiff appeals. We affirm the order insofar as appealed from.

"To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury" (*Berger v Becker*, 272 AD2d 565, 565 [2000] [citation omitted]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Nichols v Stamer*, 49 AD3d 832 [2008]). "Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (*Lyons v McCauley*, 252 AD2d 516, 517 [1998] [citations omitted], citing *Koehler v Schwartz*, 48 NY2d 807 [1979]).

Dr. Khan established his entitlement to judgment as a matter of law by submitting the affidavit of an expert who opined that Dr. Khan conformed to good and accepted practices in treating the decedent and in relying on Dr. Florita's advice that the decedent should be discharged since there was no medical condition which precluded her discharge. The expert opinion offered by the plaintiff in opposition was conclusory, and therefore insufficient to raise a triable issue of fact (*see Brady v Bisogno & Meyerson*, 32 AD3d 410 [2006]; *Schrader v Sunnyside Corp.*, 297 AD2d 369, 371 [2002]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Dr. Florita and South Nassau demonstrated their prima facie

entitlement to judgment as a matter of law by submitting the affirmation of an expert psychiatrist, who concluded that Dr. Florita properly recommended the decedent's discharge after examining her throughout her hospitalization. In opposition, the plaintiff's expert psychiatrist concluded that Dr. Florita departed from the accepted practices used to determine when to discharge psychiatric patients, but failed to articulate what those accepted practices were, and how Dr. Florita deviated from them. Thus, the plaintiff submitted only conclusory assertions that were insufficient to raise a triable issue of fact (*see Brady v Bisogno & Meyerson,* 32 AD3d 410 [2006]; *Schrader v Sunnyside Corp.,* 297 AD2d 369 [2002]).

Therefore, the Supreme Court properly granted Dr. Khan's motion, and the separate motion of Dr. Florita and South Nassau, for summary judgment dismissing the complaint insofar as asserted against them.

In view of the foregoing, we do not address the parties' remaining contentions. Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur. [*See* 2007 NY Slip Op 33311(U).]