■ EILEEN HAMILTON, Respondent, v GOOD SAMARITAN HOSPITAL OF SUFFERN, N.Y., et al., Defendants, and ROCKLAND PULMONARY AND MEDICAL ASSOCIATES, P.C., et al., Appellants. [900 NYS2d 368]—

In an action to recover damages for wrongful death and medical malpractice, etc., the defendants Rockland Pulmonary and Medical Associates, P.C., Clement Y. Osei, and Stephen Menitove appeal from an order of the Supreme Court, Rockland County

(Berliner, J.), dated May 29, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Rockland Pulmonary and Medical Associates, P.C., Clement Y. Osei, and Stephen Menitove for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff's decedent was admitted to Good Samaritan Hospital because he was suffering from pneumonia. The defendant Clement Y. Osei, a pulmonologist, was the admitting physician. Since the decedent had a history of heart disease, Osei consulted with the decedent's cardiologist, the defendant Richard Roth. Roth and his colleagues, the defendants Ainat Beniaminovitz and Michael Muschel, monitored the decedent's cardiac condition while he was in the hospital. They failed to detect the decedent's congestive heart failure. The decedent died of congestive heart failure approximately three weeks after his discharge from the hospital. The plaintiff commenced this action, alleging, inter alia, that Osei, his fellow pulmonologist Stephen Menitove, and their professional corporation, Rockland Pulmonary and Medical Associates, P.C. (hereinafter collectively the pulmonologists), committed medical malpractice by failing to diagnose and treat the decedent's congestive heart failure.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage (see Anderson v Lamaute, 306 AD2d 232, 233 [2003]; Prete v Rafla-Demetrious, 224 AD2d 674, 675 [1996]). "In a medical malpractice action, a plaintiff, in opposition to a defendant physician's summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). General allegations of medical malpractice, merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim, are insufficient to defeat a defendant physician's entitlement to summary judgment (see Alvarez v Prospect Hosp., 68 NY2d at 325).

The expert affidavit submitted by the pulmonologists in support of their motion for summary judgment established, prima facie, that their treatment of the decedent was not negligent. They did not assume a general duty of care with regard to the care and treatment provided to the decedent by the cardiolo-

gists (*see Anderson v Lamaute,* 306 AD2d at 233; *Yasin v Manhattan Eye, Ear & Throat Hosp.,* 254 AD2d 281, 282 [1998]; *Donnelly v Finkel,* 226 AD2d 671, 672 [1996]). In his affirmation in opposition to the motion of the pulmonologists, the plaintiff's expert failed to raise a triable issue of fact as to whether the pulmonologists departed from accepted practice, and in any event, the expert failed to raise a triable issue of fact as to whether the pulmonologists' care and treatment proximately caused the decedent's alleged injuries (*see Anderson v Lamaute,* 306 AD2d at 233; *Yasin v Manhattan Eye, Ear & Throat Hosp.,* 254 AD2d at 283; *Bartha v Lombardo & Assoc.,* 212 AD2d 494 [1995]). Accordingly, the Supreme Court erred in denying the pulmonologists' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Dillon, Florio and Balkin, JJ., concur.