■ NELSON CAMPOS, Respondent, v BETH ISRAEL MEDICAL CENTER et al., Appellants. [915 NYS2d 132]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered June 17, 2010, which denied their motion to preclude the plaintiff's expert and any other witnesses called by the plaintiff from testifying concerning certain unpleaded allegations relating to the defendants' alleged malpractice on the ground that the plaintiff failed to provide timely notice of these additional theories of liability in their pleadings and bills of particulars.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendants' motion is granted.

The expert witness disclosure required by CPLR 3101 (d) was served by the plaintiff 6½ years after the incidents complained of, four years after the action was commenced, almost four years after the original bill of particulars was served, and 1½ years after the amended bill of particulars was served. The expert witness disclosure contained new theories of liability which were not readily discernable from the allegations set forth in the bills of particulars. Accordingly, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the defendants' motion to preclude the plaintiff's expert and any other witnesses called by the plaintiff from

testifying concerning certain unpleaded allegations relating to the defendants' alleged malpractice in, inter alia, leaving the patient, Hilda Campos, unattended, leaving the bed rails of her bed down, and allowing her to fall out of her hospital bed onto the floor (*see Navarette v Alexiades*, 50 AD3d 869, 870 [2008]; *Navarette v Alexiades*, 50 AD3d 872, 872 [2008]; *Durant v Shuren*, 33 AD3d 843, 844 [2006]). Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.