■ BERNARDA PEREZ et al., Respondents, v KEITH EDWARDS, M.D., Appellant, et al., Defendant. [968 NYS2d 37]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 27, 2012, which, to the extent appealed from, denied the motion of defendant Keith Edwards, M.D. for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as to defendant Keith Edwards, M.D. The Clerk is directed to enter judgment accordingly. Appeal by defendant Mount Vernon Hospital from above order, unanimously dismissed, without costs, as abandoned.

In this medical malpractice action, plaintiffs claim that defendant Edwards failed to diagnose diabetes during an office visit made by plaintiffs' decedent on April 17, 2007, which subsequently led to a hyperosmolar condition and eventually, his death, six days later. They also allege that defendant is liable for improper care provided to decedent during his admission to the hospital between April 19 and April 23, 2007.

With respect to the failure to diagnose allegation, defendant met his initial burden through the affirmed report of his expert who noted that decedent had no prior history of diabetes or elevated glucose during the previous year and a half he had been treated by defendant, and opined that defendant acted appropriately and "within the standard of care" in performing a

focused clinical examination when decedent presented with complaints of a sore throat (see *Alvarado v Miles*, 32 AD3d 255 [1st Dept 2006], *affd* 9 NY3d 902 [2007]). In opposition, plaintiffs' expert's opinion that defendant deviated from the standard of care depended on his statement that decedent presented with a history of symptoms, including polyuria and polydipsia. However, the record contains no evidence that such history was presented to defendant, but rather to Mount Vernon Hospital two days later. To the extent plaintiffs' expert's opinion relied on facts and evidence not in the record (see *Roques v Noble*, 73 AD3d 204 [1st Dept 2010]), plaintiffs' theory was without "expert or record support" (see *Sassen v Lazar*, 105 AD3d 410, 411 [1st Dept 2013]).

As for plaintiffs' allegations that defendant was responsible for alleged improper treatment of decedent during his hospital stay, " '[a]lthough physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied upon by the patient' " (see *Burtman v Brown*, 97 AD3d 156, 161-162 [1st Dept 2012]; *Hamilton v Good Samaritan Hosp. of Suffern, N.Y.*, 73 AD3d 697 [2d Dept 2010]). Defendant owed decedent no duty to treat or manage his hyperosmolar state once he was admitted to the hospital (see *Burtman* at 161-162). Moreover, defendant was entitled to rely on the treatment rendered to decedent in the hospital by specialists better equipped to handle decedent's condition (see *Hamilton*, 73 AD3d 697; *Yasin v Manhattan Eye, Ear & Throat Hosp.*, 254 AD2d 281 [2d Dept 1998]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels, Gische and Clark, JJ.