■ JONATHAN AROCHO et al., as Coadministrators of the Estate of JUAN AROCHO, Deceased, Appellants, v D. KRUGER, P.A., et al., Respondents. [973 NYS2d 252]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated April 25, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Juan Arocho, the plaintiffs' decedent, went to Coney Island Hospital on May 4, 2007, three days after stepping on a screw that became embedded in his foot. He stayed in the hospital for several hours and was treated with intravenous antibiotics. Upon his discharge from the hospital, he was given a prescription for oral antibiotics and directed to follow up the next day at the hospital's podiatry clinic. The record indicates that he did not comply with the directive to follow up the next day. It was not until May 24, 2007, that he returned to the emergency room, complaining that his foot had gotten worse. He was diagnosed with a bone infection, and part of the third toe on his right foot had to be removed. Arocho commenced this action, alleging that the hospital and Danielle Kruger, the physician's assistant who had initially examined him, had committed malpractice and were negligent when they treated him on May 4, 2007. After Arocho died, the administrators of his estate were substituted as plaintiffs. The defendants eventually moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted standard of care and evidence that the deviation or departure was a proximate cause of injury or damage (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Hamilton v Good Samaritan Hosp. of Suffern, N.Y.*, 73 AD3d 697, 698 [2010]). In order to establish prima facie entitlement to judgment as a matter of law, a defendant in a medical malpractice action must negate either of these two elements (*see Stukas v Streiter*, 83 AD3d at 24). The plaintiff may then defeat the motion by submitting proof raising a triable issue of fact as to the element or elements on which the defendant has made its prima facie showing (*see id.*). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]).

Here, in support of their motion for summary judgment

dismissing the complaint, the defendants submitted an expert affidavit that established, prima facie, that their treatment of Arocho conformed to good and accepted medical practice (*see Hamilton v Good Samaritan Hosp. of Suffern, N.Y.*, 73 AD3d at 697; *Dunn v Khan*, 62 AD3d 828, 829 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact. Their expert's affirmation was merely conclusory as to whether the defendants departed from good and accepted medical practices in their treatment of Arocho (*see Hamilton v Good Samaritan Hosp. of Suffern, N.Y.*, 73 AD3d at 698; *Dunn v Khan*, 62 AD3d at 830). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.