■ RUDOLPH BUCSKO, as Administrator of the Estate of MARY BUCSKO, Deceased, Appellant, v LAWRENCE A. GORDON, Defendant, and LONG ISLAND JEWISH MEDICAL CENTER et al., Respondents. [987 NYS2d 402]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 3, 2012, which granted the motion of the defendants Long

Island Jewish Medical Center and North Shore-Long Island Jewish Health System, Inc., and the separate motion of the defendant Parker Jewish Institute for Health Care, for summary judgment dismissing the amended complaint insofar as asserted against each of them, (2) a judgment of the same court dated June 7, 2012, which, upon the order, is in favor of the defendant Parker Jewish Institute for Health Care and against him dismissing the amended complaint insofar as asserted against that defendant, and (3) a judgment of the same court dated July 23, 2012, which, upon the order, is in favor of the defendants Long Island Jewish Medical Center and North Shore-Long Island Jewish Health System, Inc., and against him dismissing the amended complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

In this medical malpractice action, a piece of "old packing" was discovered in the surgical wound of the plaintiff's decedent, Mary Bucsko, almost one year after a right hemicolectomy was performed by the defendant physician, Lawrence A. Gordon, at the facilities of the defendant Long Island Jewish Medical Center (hereinafter the Medical Center). Following the surgery, Bucsko's surgical wound was cared for at the Medical Center by Gordon and hospital staff under Gordon's supervision, at the facilities of the defendant Parker Jewish Institute for Health Care and Rehabilitation (hereinafter Parker), at Bucsko's home by visiting nurses employed by the defendant North Shore-Long Island Jewish Health System, Inc. (hereinafter North Shore), and at Gordon's private office. Bucsko commenced this action alleging, inter alia, that the defendants were negligent in leaving the packing inside the wound, asserting that it delayed the healing of the wound. After Bucsko died, the plaintiff was substituted as the administrator of Bucsko's estate. The plaintiff then served an amended complaint adding a cause of action alleging wrongful death.

The Medical Center and North Shore (hereinafter together

the hospital defendants) moved, and Parker separately moved, for summary judgment dismissing the amended complaint insofar as asserted against each of them, and the Supreme Court granted both motions.

The requisite elements of proof in a medical malpractice action are a deviation or departure from the accepted standard of care and evidence that the deviation or departure was a proximate cause of injury or damage (see Stukas v Streiter, 83 AD3d 18, 23 [2011]; Hamilton v Good Samaritan Hosp. of Suffern, N.Y., 73 AD3d 697, 698 [2010]). To establish prima facie entitlement to judgment as a matter of law, a defendant in a medical malpractice action must negate either of these two elements (see Stukas v Streiter, 83 AD3d at 24). The plaintiff may then defeat the motion by submitting proof raising a triable issue of fact as to the element or elements as to which the defendant has made its prima facie showing (see id.).

The hospital defendants established their prima facie entitlement to judgment as a matter of law by submitting affidavits from a general surgeon and from a registered nurse demonstrating, prima facie, that their treatment of Bucsko conformed to good and accepted medical and nursing practice (see Hamilton v Good Samaritan Hosp. of Suffern, N.Y., 73 AD3d at 697; Dunn v Khan, 62 AD3d 828, 829 [2009]), and an expert affidavit from an oncologist demonstrating, prima facie, that any departure from the standard of care was not the proximate cause of Bucsko's injuries or death (see Orsi v Haralabatos, 20 NY3d 1079, 1080 [2013]). Moreover, the Medical Center established that it cannot be held vicariously liable for any purported malpractice committed by Gordon, as it is undisputed that he was a private attending physician whose services had been retained by Bucsko, and that he was not an employee of the Medical Center (see Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]; Litwak v Our Lady of Victory Hosp. of Lackawanna, 238 AD2d 881, 881 [1997]; Georges v Swift, 194 AD2d 517 [1993]). Likewise, the Medical Center could not be held answerable for any acts performed by its professional staff in accordance with the instructions of Bucsko's private physician (see Toth v Community Hosp. at Glen Cove, 22 NY2d 255, 265 n 3 [1968]; Nagengast v Samaritan Hosp., 211 AD2d 878, 880 [1995]; Georges v Swift, 194 AD2d 517 [1993]).

Parker also established its prima facie entitlement to judgment as a matter of law by submitting an affidavit of its clinical director of nursing, excerpts of Gordon's deposition testimony, and its medical records concerning the treatment rendered to Bucsko which demonstrated, prima facie, that its treatment of

Bucsko conformed to good and accepted medical and nursing practice (*see Hamilton v Good Samaritan Hosp. of Suffern, N.Y.,* 73 AD3d 697 [2010]; *Dunn v Khan,* 62 AD3d at 829).

In opposition to the separate motions, the plaintiff failed to come forward with any evidence raising a triable issue of fact as to a specific negligent act or omission of an employee of the hospital defendants or Parker which caused Bucsko's alleged injuries and death (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *see Georges v Swift,* 194 AD2d 517 [1993]). The plaintiff's expert surgeon did not offer any opinion as to whether the hospital defendants or Parker departed from good and accepted medical or nursing practice in their treatment of Bucsko (*see Hamilton v Good Samaritan Hosp. of Suffern, N.Y.,* 73 AD3d at 698; *Dunn v Khan,* 62 AD3d at 830), nor was the expert able to opine with any degree of medical certainty when and by whom the packing was inadvertently left in the wound.

The plaintiff relies on the doctrine of res ipsa loquitur to relieve him of the burden of proving which defendant had been negligent and when. Although res ipsa loquitur may be utilized where more than one defendant may have been in control (*see Kerber v Sarles,* 151 AD2d 1031 [1989]; *Butti v Rollins,* 133 AD2d 205 [1987]), the responsible defendants must share exclusive control of the instrumentality causing injury. Here, neither the hospital defendants nor Parker were acting jointly or concurrently with each other. They did not have concurrent control of the surgical packing that allegedly caused the injury. The treatment here was performed by different entities at different times in different locations. This is not a situation where several physicians participated in a single surgical procedure and, as a result, have the burden to "explain their actions and conduct in the operating room wherein plaintiff was injured" (*Kerber v Sarles,* 151 AD2d at 1032). Accordingly, under these circumstances, the plaintiff's reliance upon the doctrine of res ipsa loquitur in opposition to the motion is misplaced, inasmuch as he failed to raise a triable issue of fact as to the applicability of the requisite elements of the doctrine (*see generally Dermatossian v New York City Tr. Auth.,* 67 NY2d 219 [1986]; *Leone v United Health Servs.,* 282 AD2d 860 [2001]; *Mack v Lydia E. Hall Hosp.,* 121 AD2d 431 [1986]).

Moreover, the doctrine of res ipsa loquitur is inapplicable to the defendants' alleged failure to discover that the packing had not been removed (*see Delaney v Champlain Val. Physicians Hosp. Med. Ctr.,* 232 AD2d 840, 841-842 [1996]; *cf. Bin Xin Tan v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 294 AD2d 122 [2002];

*Rockefeller v Moront*, 81 NY2d 560, 565 [1993]; *Rodriguez v Manhattan Med. Group*, 77 NY2d 217, 223 [1990]), and the plaintiff failed to produce any evidence on this theory of liability. Since the plaintiff failed to raise a triable issue of fact with respect to whether the hospital defendants or Parker departed from good and accepted medical practice in their treatment of Bucsko, the Supreme Court properly granted their separate motions for summary judgment dismissing the amended complaint insofar as asserted against each of them.

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.