Iodice v Giordano (2019 NY Slip Op 02072)





Iodice v Giordano


2019 NY Slip Op 02072


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2016-11280
 (Index No. 8868/14)

[*1]Andrea Iodice, respondent, 
v
AnnaMaria Giordano, etc., defendant, Mitchell Greenbaum, etc., appellant.


Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Michele R. Levin of counsel), for appellant.
Krentsel & Guzman LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for podiatric malpractice, the defendant Mitchell Greenbaum appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered September 26, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the defendant Mitchell Greenbaum's motion for summary judgment dismissing the complaint insofar as asserted against him is granted.
The plaintiff was diagnosed with a hammertoe of the second toe on her left foot and a corn on the same toe by the defendant podiatrists, Mitchell Greenbaum (hereinafter the defendant) and Annamaria Giordano. The defendant testified at his deposition that, during the plaintiff's one visit with him, which was on May 13, 2013, the defendant performed an aseptic debridement of the plaintiff's corn to alleviate the pain, but did not prescribe any medications.
After her visit with the defendant, the plaintiff continued under the care of Giordano, an independent contractor who worked for the defendant. Giordano testified at her deposition that the plaintiff presented to her on September 24, 2013, with signs of infection. The plaintiff was referred to Plainview Hospital for the infection, but hospital records indicated that the plaintiff left the hospital against medical advice. On October 1, 2013, the plaintiff was admitted to the emergency room at St. Francis Hospital, and hospital records show that she required a partial amputation of her second left toe.
The plaintiff commenced this action alleging podiatric malpractice against the defendant and Giordano. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion, and the defendant appeals.
"The requisite elements of proof in a medical malpractice and podiatric malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage" (Paone v Lattarulo, 123 AD3d 683, 683; see Arocho v D. Kruger, P.A., 110 AD3d 749, 750, Wilkins v Khoury, 72 AD3d 1067, 1067). Here, the defendant established his prima facie entitlement to judgment as a matter of law by submitting an expert affirmation indicating that the treatment and care given to the plaintiff by the defendant on May 13, 2013, did not deviate from accepted community standards of practice, [*2]that the plaintiff's infection, which occurred more than four months after that visit, was too remote in time to have been proximately caused by the defendant's treatment, and that the defendant had the plaintiff's informed consent for the procedure.
In opposition, the plaintiff submitted, inter alia, an affirmation of her expert, who opined that the defendant did not follow the good and accepted podiatric standard of care because although the defendant tested the plaintiff's foot pulse and found it to be low, the defendant did not refer the plaintiff to a vascular surgeon. We agree with the defendant that this assertion was not readily discernable from the allegations in the plaintiff's bill of particulars, and, thus, was a new theory of liability that should not have been considered by the Supreme Court (see Campos v Beth Israel Med. Ctr., 80 AD3d 642, 642; cf. Schwartzberg v Huntington Hosp., 163 AD3d 736, 738; Shanoff v Golyan, 139 AD3d 932, 934).
In any event, contrary to the plaintiff's contentions, her expert's affirmation offered merely conclusory and speculative statements that failed to raise a triable issue of fact (see Keun Young Kim v Lenox Hill Hosp.; 156 AD3d 774, 775; Arocho v D. Kruger, P.A., 110 AD3d at 750), and failed to address or rebut the specific assertions of the defendant's expert that the infection was too remote in time for the defendant's actions to have been a proximate cause of the plaintiff's injury or that the defendant had the plaintiff's informed consent for the debridement procedure (see Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc., 157 AD3d 773, 774; Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court