Frazier v Shteynberg (2022 NY Slip Op 04790)

Frazier v Shteynberg

2022 NY Slip Op 04790

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11880
 (Index No. 100327/16)

[*1]Donald Frazier, appellant, 
v
Aleksandr Shteynberg, etc., et al., respondents.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
Yoeli Gottlieb & Etra LLP, New York, NY (Michael L. Burke of counsel), for respondent Aleksandr Shteynberg.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Leilani Rodriguez of counsel), for respondent Richmond University Medical Center.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated June 19, 2019. The order granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
On October 13, 2014, the plaintiff fell off his bicycle and injured his left knee and the small finger on his left hand. The following day, the plaintiff went to the emergency room at the defendant Richmond University Medical Center (hereinafter RUMC). The defendant Aleksandr Shteynberg was called in for a hand surgery consultation. After examining the plaintiff's left hand, Shteynberg determined that the proximal interphalangeal (hereinafter PIP) joint of his small finger was deformed. According to the plaintiff's medical records, the plaintiff said that he had injured his left small finger approximately eight months prior, but that he did not seek medical treatment and instead had tried to pull the finger into place himself.
Shteynberg determined that the best course of treatment was to attempt a closed reduction. A closed reduction "means applying traction on the zone of injury and trying [to] reposition[ ] the bones of the joint into a normal location" without making an incision. Shteynberg attempted a closed reduction on October 14, 2014, but was unsuccessful in repositioning the finger. On October 15, 2014, Shteynberg performed a second closed reduction, this time with the plaintiff under general anesthesia. That procedure, too, was unsuccessful. With the plaintiff still under general anesthesia, Shteynberg then performed an open reduction—i.e., he made incisions into the plaintiff's left small finger—but that, too, was unsuccessful.
On November 18, 2014, the plaintiff underwent another open reduction surgery, this time at Staten Island University Hospital Center. Nonparty Lawrence Draper performed the surgery. That operation was also unsuccessful. On January 20, 2015, Draper fused the PIP joint.
On or about February 29, 2016, the plaintiff commenced this action alleging medical [*2]malpractice. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated June 19, 2019, the Supreme Court granted the defendants' separate motions, and the plaintiff appeals.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 859-860; see Pirri-Logan v Pearl, 192 AD3d 1149, 1150). If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting expert affirmations indicating that the treatment and care given to the plaintiff by the defendants did not deviate from accepted community standards of practice. In opposition, the plaintiff submitted an affirmation of his expert, who offered merely conclusory and speculative statements that failed to raise a triable issue of fact (see Iodice v Giordano, 170 AD3d 971, 972; Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 775; Arocho v D. Kruger, P.A., 110 AD3d 749, 750), and failed to address or rebut specific assertions made by the defendants' experts (see Iodice v Giordano, 170 AD3d at 973; Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc., 157 AD3d 773, 774).
Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court