■ A.M. et al., Respondents, v JOSEPH R. ANDRADE, M.D., Defendant, and CHAI-LUK WO, M.D., Appellant. [62 NYS3d 806]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 2, 2016, which denied the motion of defendant Chai-Luk Wo, M.D. for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiffs allege that defendant, an ophthalmologist who saw

infant plaintiff once and diagnosed him with a cataract, was negligent in failing to advise plaintiffs to urgently seek follow-up care from a specific pediatric ophthalmologist. Issues of fact exist as to whether defendant departed from good and accepted medical practice (*see generally Anyie B. v Bronx Lebanon Hosp.*, 128 AD3d 1, 2 [1st Dept 2015]). However, plaintiffs cannot establish proximate causation.

Although defendant's failure to urge plaintiffs to promptly consult with a specific subspecialist may have resulted in a delay in intervention until the child's condition had worsened beyond repair, this was not the reason the child did not undergo the purportedly necessary surgery. Rather, the child did not undergo surgery because, when he later consulted with two pediatric ophthalmologists, they both determined that his cataract was congenital and, as a result, surgery would not be effective. There is no basis to infer that these diagnoses would have been different had the pediatric ophthalmologists examined the child earlier. As such, it is purely speculative that an earlier referral would have resulted in different treatment or a better result (*see Berlinger v Kraft*, 60 AD3d 489, 491 [1st Dept 2009]; *Bartha v Lombardo & Assoc.*, 212 AD2d 494 [2d Dept 1995]). Concur—Tom, J.P., Renwick, Mazzarelli, Oing and Singh, JJ.