Grenyion v Mid-Hudson Comprehensive (2022 NY Slip Op 03442)





Grenyion v Mid-Hudson Comprehensive


2022 NY Slip Op 03442


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Oing, J.P., Singh, Moulton, Scarpulla, JJ. 


Index No. 20788/13 Appeal No. 16010 Case No. 2019-20 

[*1]Marjorie Grenyion, Plaintiff-Appellant,
v
Mid-Hudson Comprehensive et al., Defendants-Respondents, Montefiore Medical Center, et al., Defendants.


Rosenbaum & Rosenbaum, P.C., New York (Matthew T. Gammons of counsel), for appellant.
Dopf, P.C., New York (L. Ruby Rey of counsel), for Mid-Hudson Comprehensive and Nagaveni Rao, respondents.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, New York (Stephanie Campbell of counsel), for Distinguished Diagnostic Imaging P.C. and John Rigney, M.D., respondents.
Garson & Jakub LLP, New York (Andrew Harrison of counsel), for Nella Shapiro, M.D., respondent.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered on or about June 21, 2018, which granted defendants Nella Shapiro, M.D., Distinguished Diagnostic Imaging, P.C. (DDI) and John Rigney, M.D., and Mid-Hudson Comprehensive and Nagaveni Rao, M.D.'s motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff had a right breast mastectomy and reconstructive surgery in 1998. In August 2010, while working as an office manager at defendant Mid-Hudson Comprehensive, plaintiff told defendant Rao about her breast pain and history of breast cancer. Dr. Rao provided plaintiff with a prescription for an ultrasound and MRI. On August 9, 2010, plaintiff presented to defendant DDI for a bilateral breast ultrasound and the impression was normal. DDI faxed a copy to Dr. Rao on August 11, 2010. On September 21, 2010, plaintiff presented for a bilateral breast MRI at DDI. The report identified an abnormal mass in the right breast and recommended a biopsy. Defendant Rigney was the interpreting radiologist. DDI faxed the report to Dr. Rao's attention on September 22, 2010. Plaintiff testified that she took the facsimile from the fax machine and did not show the report to Dr. Rao and never discussed it with her. On September 30, 2010, a physician that plaintiff saw referred her to defendant Shapiro. Plaintiff saw Dr. Shapiro on October 12, 2010, the only time plaintiff consulted with her. Dr. Shapiro reviewed Dr. Rigney's MRI report, and provided plaintiff with the referrals to obtain physical therapy, genetic testing, and a mammogram. She also ordered a PET scan to rule out cancer. Plaintiff did not schedule a follow-up visit with Dr. Shapiro, testifying that she did not feel comfortable with Dr. Shapiro. The record demonstrates that plaintiff made all the appointments that Dr. Shapiro recommended shortly after seeing her because she realized the urgency of her situation, but canceled them because she no longer had health insurance. She did not reschedule the appointments and did not inform Dr. Shapiro of the loss of her health insurance. Although testifying that she was cognizant of the urgency of the situation and that she discovered a quarter sized lump on the right breast in April 2011, six months after seeing Dr. Shapiro, plaintiff did not see another physician until a year later in April 2012. At that time, plaintiff was diagnosed with a recurrence of breast cancer, which was by then Stage IV. Plaintiff commenced this medical malpractice action against defendants alleging that they failed to diagnose and treat her recurrent breast cancer, resulting in a delayed diagnosis and worsened prognosis.
The parties' conflicting expert opinions were sufficient to create issues of fact as to whether defendants departed from the applicable standard of care by failing to inform plaintiff more emphatically of the urgent need for follow-up care with a potential recurrence of her breast cancer. Nonetheless, the claims against [*2]defendants Mid-Hudson Comprehensive and Dr. Rao, and DDI and Dr. Rigney, and Dr. Shapiro were correctly dismissed because their alleged negligence did not contribute to the delay in diagnosing plaintiff's breast cancer, and thus did not proximately cause her injuries (see A.M. v Andrade, 155 AD3d 421, 422 [1st Dept 2017]; Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Dr. Rao gave plaintiff prescriptions for diagnostic imaging immediately upon plaintiff's request, and even if Dr. Rao departed from the standard of care by failing to follow up regarding the results of those tests, plaintiff nonetheless received the test results and timely acted on them on her own. Further involvement by Dr. Rao, a physiatrist, would not have expedited the diagnosis process for plaintiff.
Similarly, Dr. Rigney promptly reviewed and interpreted plaintiff's MRI, which was performed at DDI, and faxed his report to Dr. Rao's attention. Although plaintiff never gave the report to Dr. Rao, she promptly made an appointment with Dr. Shapiro, a breast surgeon, who also reviewed the MRI report and made follow-up recommendations. Dr. Rigney's further involvement would not have resulted in an immediate biopsy or treatment because Dr. Shapiro's decision to delay a biopsy was not due to an unawareness of or failure to understand Dr. Rigney's recommendation, but a desire to re-review the MRI films in-house and complete other testing first (see A.M, 155 AD3d at 422).
The claims against Dr. Shapiro and her employer (defendant Montefiore Medical Center, which did not move for summary judgment) were also properly dismissed. Dr. Shapiro's alleged departure was not a proximate cause of plaintiff's delayed cancer diagnosis. Plaintiff timely made the follow-up diagnostic test appointments prescribed by Dr. Shapiro, but canceled them and did not reschedule them because she had lost her health insurance (see Stewart v Presbyterian Hosp. in City of N.Y., 12 AD3d 201, 202 [1st Dept 2004]). Although aware of her urgent situation and the discovery of a quarter sized lump in her right breast in April 2011, six months after seeing Dr. Shapiro, plaintiff never scheduled a follow-up visit with Dr. Shapiro or saw her again after the initial visit, and waited a year after her discovery to see another doctor.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022